84 So.2d 5 (1955)
The BERT LANE COMPANY, Inc., a Florida corporation, and Automatic Industries, Inc., a Florida corporation, Appellants,
v.
INTERNATIONAL INDUSTRIES, Inc., a Florida corporation, Harold D. McCulloh, Jack Ratner, and S.J. Dineen, and Giffen Industries, Inc., a Florida corporation, Appellees.
Supreme Court of Florida. Special Division A.
December 14, 1955.
*6 Dubbin, Blatt & Schiff, Miami, and Turnbull & Hill, Tallahassee, for appellants.
Evans, Mershon, Sawyer, Johnston & Simmons and Thomas S. Trantham, Jr., Miami, for appellees.
ROBERTS, Justice.
Plaintiffs manufacture and distribute a patented amusement device known as a "Mobile Musical Carousel," which is a small merry-go-round used primarily for advertising purposes by the purchasers. They sued the defendants in the Circuit Court of Dade County, alleging that the individual defendants were former employees who in the course of their employment had become familiar with and had appropriated the plans, specifications and design of the carousel, together with the promotional and merchandising schemes developed and copyrighted by plaintiffs, and their customer list, and had formed the defendant corporation, International Industries, Inc., to manufacture a device identical with that of plaintiffs', to be known as a "Mobile Musical Merry Go 'Round". It was also alleged that the defendant, Giffen Industries, Inc., had for many years manufactured for plaintiffs some of the component parts of their carousel from molds specified, designed and paid for by plaintiffs, and that the defendants had employed Giffen to manufacture similar parts for their competing device, using plaintiffs' molds. The complaint prayed that the defendants be enjoined from manufacturing, selling or in any way distributing or advertising to the public the "Mobile Musical Merry Go *7 'Round", from imitating the product or device of the plaintiffs, from appropriating the ideas and methods of the plaintiffs,  all of which was alleged to be "unfair business practices and unfair competition"  and for damages. The defendants filed a motion to dismiss the complaint on the ground, among others, that the state court had no jurisdiction of the subject matter. The motion was granted on that ground, and the cause was dismissed. Plaintiffs have appealed.
The point to be decided on this appeal is whether the plaintiffs' suit is a case arising under the patent laws of the United States. If it is, then the appropriate federal district court has exclusive original jurisdiction of the controversy under Title 28, U.S.C.A. § 1338.
It is well settled that a controversy involving patent rights does not necessarily "arise under the patent laws," so as to be within the exclusive jurisdiction of a federal court. The statute "does not deprive the state courts of the power to determine questions arising under the patent laws, but only of assuming jurisdiction of `cases' arising under those laws." Pratt v. Paris Gas Light & Coke Co., 1897, 168 U.S. 255, 18 S.Ct. 62, 64, 42 L.Ed. 458. Accord: Wilson v. Sandford, 10 How. 99, 51 U.S. 99, 13 L.Ed. 344; Marsh v. Nichols, 140 U.S. 344, 11 S.Ct. 798, 35 L.Ed. 413; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U.S. 282, 22 S.Ct. 681, 46 L.Ed. 910; cases collected in the annotation in 167 A.L.R. pp. 1114 et seq. The patentee may elect to waive the right to sue in a federal court for infringement of his patent and may, instead, proceed in a state court to enforce some right protected by and enforceable under general common-law and equitable principles applicable in such state. Henry v. A.B. Dick Co., 1912, 224 U.S. 1, 32 S.Ct. 364, 367, 56 L.Ed. 645, and cases there cited.
In the case last cited, the Supreme Court of the United States said that the "test" to be applied in determining whether the plaintiff had stated a "case" arising under the patent laws, is this: "Does the complainant `set up some right, title, or interest under the patent laws of the United States, or make it appear that some right or privilege will be defeated by one construction, or sustained by another, of those laws?'", citing Excelsior Wooden Pipe Co. v. Pacific Bridge Co., supra; Pratt v. Paris Gas Light & Coke Co., supra; and White v. Rankin, 144 U.S. 628, 12 S.Ct. 768, 36 L.Ed. 569. A clear and concise statement of the "test" for determining jurisdiction is made by the author of the annotation in 167 A.L.R., at page 1118, in the following language:
"Reduced to its lowest terms, the correct rule is that if the plaintiff founds his suit directly on a breach of some right created by the patent laws, he makes a case arising under those laws and only a federal court has jurisdiction; but if he founds his suit on some right vested in him by the common law, or by general equity jurisprudence, he makes a case arising under state law and only a state court has jurisdiction. * * *"
In the instant case, the plaintiffs alleged that their amusement device was patented, but they did not allege an infringement thereof by the defendants nor did they rely upon the patent laws as the basis of their suit. The gist of their complaint was that the defendants obtained, through a confidential relationship  that of employer and employee  knowledge of plaintiffs' secret designs, plans and prospective customers, and used that information to their own advantage and plaintiffs' detriment. It is well settled that an employee cannot lawfully use for his own advantage and to the harm of his employer confidential information which he has gained in the course of his employment. 35 Am.Jur., Master and Servant, Sec. 97, p. 525; 28 Am.Jur., Injunctions, Sec. 111, page 304; Restatement of Torts, Sec. 757; Connelly v. Special Road & Bridge Dist. No. 5, 1930, 99 Fla. 456, 126 So. 794, 71 A.L.R. 938; cases collected in the annotation in 165 A.L.R. pages 1453 et seq. And the fact that the article may have been patented does not necessarily require a holding *8 that the case is one "arising under" the patent laws. Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752; Eckert v. Braun, 7 Cir., 1946, 155 F.2d 517; Aronson v. Orlov, 1917, 228 Mass. 1, 116 N.E. 951; Parissi v. General Electric Co., D.C. 1951, 97 F. Supp. 333; Miroflector Co., Inc., v. Kline, 283 App.Div. 1097, 131 N.Y.S.2d 614. See also Smith v. Dravo Corp., 7 Cir., 1953, 203 F.2d 369, where the federal court said that jurisdiction of a cause of action for unlawful use of confidential information by a former employee is based upon diversity of citizenship, although it appeared that the purloined ideas had been patented.
In Becher v. Contoure Laboratories, Inc., supra [279 U.S. 388, 49 S.Ct. 357], relief was sought in a state court against a former employee who had obtained a patent on the basis of confidential information obtained from the former employer. As against the contention that the suit was a patent "case", cognizable only in a federal court, the Supreme Court of the United States said: "It is plain that [the state court] suit had for its cause of action the breach of a contract or wrongful disregard of confidential relations, both matters independent of the patent law, and that the subject matter of Oppenheimer's claim was an undisclosed invention which did not need a patent to protect it from disclosure by breach of trust."
And in Aronson v. Orlov, supra, 116 N.E. 951, 954, involving a similar cause of action in a state court where the article was also patented, the Massachusetts Supreme Court said: "The case at bar in our opinion does not arise `under the patent laws' of the United States. The plaintiffs do not rest upon any right secured by the patent laws, and they do not assail any monopoly conferred upon the defendants by such laws. Every reference to the application for a patent and to the patent laws might be stricken from the bill, and every fact respecting that subject might be eliminated from the master's report, without affecting or impairing the fundamental rights upon which the plaintiffs' case rests. * * * The question which the plaintiffs are seeking to have settled in this cause is not their right to a patent but their right to be protected from unlawful trade interference."
In Parissi v. General Electric Co., supra, 97 F. Supp. 333, 334, a suit for damages was filed in a state court against a former employee who misappropriated confidential information respecting a clock, which was patented by the employer, and the question in the federal court was whether the state court had jurisdiction. The federal court rejected the claim that the action necessarily involved the infringement and validity of plaintiff's patent, and stated that "The controversy most certainly appears to be a common law action based upon the theory of unjust enrichment resulting from the misappropriation of an idea obtained under a confidential relation," and that the allegations of the complaint respecting the patenting of the idea were "of no importance."
Whether the plaintiffs could have sued in a federal court for infringement of their patent is not necessary to be decided. The fact remains that they elected not to do so, and have based their claim solely upon general equitable principles applicable in this state. A determination of their claim does not require a construction of the patent laws nor a finding that there has been an infringement by defendants of their patent. While the plaintiffs may not be entitled to the full relief prayed for in their complaint (which is not decided, since it is unnecessary), they have certainly stated a cause of action for some equitable relief in our state court, and it was, then, error to dismiss their complaint.
Accordingly, the decree appealed from is reversed and the cause remanded for further proceedings.
Reversed and remanded.
DREW, C.J., and TERRELL and SEBRING, JJ., concur.