PER CURIAM.
This is an interlocutory appeal wherein defendants seek reversal of an order denying their motion to dismiss for lack of jurisdiction over the subject matter.
After receiving letters of patent for this invention of a cleaning device utilizing ultra-sonic vibrations for dislodging debris from teeth, Seymour Robinson, plaintiff, entered into an agreement with, Harvey Liefman and Pro-Sonic Industries, Inc., defendants, wherein they agreed to pay him $14 on every unit sold or 20% of the net profits, whichever was greater, in exchange for assignment of his interest in the cleaning tool. Subsequently this interest was transferred to Sonoptics, Inc. and then to Key Pharmaceuticals, Inc., defendants. The payment of royalties to Robinson became irregular and eventually stopped. Robinson then filed suit against the defendants seeking recovery for past due royalties and alleging fraud in that defendants developed devices utilizing the same concept as his tool, caused letters of patent to be issued and did not pay him royaltiés on the sale of these similar devices. Defendants moved to dismiss the action on the ground that the federal courts have exclusive jurisdiction over claims arising under patent rights and, therefore, the circuit court lacked jurisdiction over the subject matter. The motion was denied. We affirm.
A suit arises under the law that creates the cause of action and the plaintiff’s opening pleading is determinative. Arvin Industries, Inc. v. Berns Air King Corporation, 510 F.2d 1070 (7th Cir. 1975). If a plaintiff founds his suit directly on a breach of some right created by the patent laws, he. (or she) makes a case arising under those laws and only a federal court has jurisdiction; however, if he (or she) founds his suit on some right vested in him by the common law or by general equity jurisdiction, he makes a case arising under state law and only a *139 state court has jurisdiction. Bert Lane Company v. International Industries, Fla. 1955, 84 So.2d 5.
We conclude that this cause is within the jurisdiction of the state court in that plaintiff pursuant to the terms of the assignment agreement with the defendants is seeking to enforce his right to past due payment of royalties and to determine whether or not the similar devices patented by the defendants would defeat his continuing right to royalties. These rights are conferred by state law and cannot be the basis for exclusive federal jurisdiction. See Arvin Industries, Inc., supra, and Cf. Lang v. Patent Tile Company, 216 F.2d 254 (5th Cir. 1954).
Affirmed.