405 So.2d 487 (1981)
Michael SCHACHEL and I.C.O. Corporation, Appellants,
v.
CLOSET CONCEPTS, INC., Appellee.
No. 80-1989.
District Court of Appeal of Florida, Third District.
November 3, 1981.
No appearance for appellants.
No appearance for appellee.
Before NESBITT and DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
In 1979, Schachel, the owner of a United States design patent on a modular closet-organizing system, and his exclusive licensee in the State of Florida, I.C.O. Corporation, *488 Inc., sued Closet Concepts, Inc. in the United States District Court for the Southern District of Florida, alleging that Closet Concepts, Inc. was an infringer of the patent. The parties settled that litigation by entering into an agreement under which, in pertinent part, Closet Concepts (a) would refrain from directly or indirectly infringing on the mentioned patent; (b) would refrain from the manufacture, sale, and offering or advertising for sale the modular closet-organizing system depicted in the patent; and (c) would be permitted to manufacture, sell, and offer or advertise for sale a differently described closet system. Pursuant to that agreement, the suit was dismissed.
In 1980, Schachel and I.C.O. sued Closet Concepts in the Circuit Court in and for Dade County, Florida. This time they alleged that Closet Concepts had breached the settlement agreement by engaging in precisely the conduct it had agreed to refrain from in respect to Schachel's patent. Upon Closet Concepts' motion, the trial court dismissed the cause on the ground that the court lacked subject matter jurisdiction over the controversy. Schachel and I.C.O. appeal. We affirm.
Title 28, United States Code, Section 1338(a), provides that the Federal Courts shall have exclusive jurisdiction over actions arising under Acts of Congress relating to patents. Schachel and I.C.O. contend that Section 1338(a) does not apply, since their action against Closet Concepts is an action for breach of the settlement agreement, not an action for patent infringement. Which of these it is does not depend on the label given the suit, or the fact that the parties have reduced rights and obligations arising under patent laws to an agreement. Instead, the test is: if the suit is founded on a breach of a right created by the patent laws, even if that right is confirmed by separate agreement, the case arises under the patent laws, and a state court is without subject matter jurisdiction. On the other hand, if the suit is founded on some right falling outside the ambit of the patent laws, then the state court has jurisdiction, even if during the course of the suit the court is called upon to determine questions involving the patent laws. Bert Lane Company v. International Industries, 84 So.2d 5 (Fla. 1955); Key Pharmaceuticals, Inc. v. Robinson, 334 So.2d 137 (Fla. 3d DCA 1976).
In the present case, the only possible way for Closet Concepts to breach the agreement would be to infringe the patent.[1] The settlement agreement neither modifies nor adds to any right which did not already exist in the patent holder or licensee by virtue of the patent laws. The complaint in turn alleges nothing other than a breach of the agreement. In substance, then, the complaint alleges nothing other than an action against Closet Concepts for infringement of patent rights. Unlike Bert Lane Company v. International Industries, supra, in which the gist of the complaint was that the defendants, former employees of the plaintiff, breached a confidential relationship and appropriated to their own use a patented device, and Key Pharmaceuticals, Inc. v. Robinson, supra, in which the gist of the complaint was the plaintiff's effort to recover past due royalties under a patent, the present case poses the patent's validity and infringement as the central and sole issue. That being so, the exclusive jurisdiction of this suit was in the Federal Court, and the trial court correctly dismissed the complaint.[2]
Affirmed.
*489 FERGUSON, Judge (specially concurring).
Though I agree with the majority result, I would rephrase the majority's test for determining whether there is exclusive federal jurisdiction in cases involving patents. In this case, the plaintiff sued for breach of the settlement agreement stating as the sole cause of action, breach of contract. Only by looking to the settlement agreement which was attached to the complaint as exhibit one, does it become clear that by the terms of the agreement, a breach could have occurred only if the actions of appellees constituted a patent infringement. In that agreement, the parties did not confirm any federal patent right, but expressly reserved the question of patent validity. Technically, the suit was founded and pled on the theory of breach of contract, a cause of action arising from rights created by state law. See, e.g., Key Pharmaceuticals, Inc. v. Robinson, supra. Because, however, the issue of patent validity involves a right which arises under federal law, determination of which was necessary for resolution of the breach of contract issue, jurisdiction lies exclusively in the federal court. 28 U.S.C.A. § 1338(a). Accordingly, I would rephrase the test as stated by the majority to read, "If the suit is founded on the grounds of breach of contract or other right created by state law, but resolution of that suit necessarily requires determination of a right arising under the patent laws, jurisdiction lies exclusively in the federal court." See, e.g., Tart v. Walker, 38 N.C. App. 500, 248 S.E.2d 736 (1978). Compare Geni-Chlor International, Inc. v. Multisonics Development Corp., 580 F.2d 981 (9th Cir.1978) (patent case arises under federal patent laws when resolution of patent validity is necessary to ultimate success in suit) with Riker Laboratories Inc. v. Gist-Brocades N.V., 636 F.2d 772, 779-80 (D.C. 1980) (no jurisdiction under patent laws where action affects patent but is not action for infringement or invalidity as statutory grounds).
NOTES
[1] Schachel and I.C.O. contend that since the agreement prevents Closet Concepts from "advertising for sale" the patented system, the agreement creates an obligation which does not arise under the patent law. In light of the fact that the patent law provides that infringement includes exposing for sale, see 35 U.S.C. § 289, which obviously includes advertising, see, e.g., International Biotical Corporation v. Associated Mills, Inc., 239 F. Supp. 511 (N.D.Ill. 1964), the argument is frivolous. Equally frivolous is the argument that since Closet Concepts was permitted to manufacture and sell a non-infringing closet system, the breach lies in Closet Concepts' failure to do that rather than in Closet Concepts' infringing the patent.
[2] Schachel and I.C.O. argue that they are caught in a Catch-22. If so, it is one of their own making, which by definition makes it not a Catch-22. After Schachel and I.C.O. took this appeal, they filed an action in the Federal Court for the breach of the agreement. In that action they alleged, inconsistent with their position here, that the Federal Court had exclusive jurisdiction under 28 U.S.C. § 1338(a). Their problem there was one of pleading  in the absence of some reservation of jurisdiction over their original patent infringement action, the Federal Court had no jurisdiction over their "breach of agreement" action. Apparently, they recognized this and joined with Closet Concepts in moving to dismiss. This resulted in the Federal Court dismissing the action in February 1981. While Schachel and I.C.O. accuse Closet Concepts of whipsawing them, in reality their procedural problems have arisen only because their complaint against Closet Concepts is one for patent infringement; such a complaint is cognizable only in Federal Court; but such a complaint will not be entertained when, ostensibly, it is brought as an action for breach of contract in Federal Court. The catch is that in determining state court jurisdiction we look at the essence of the action, not the label; while the Federal Court in determining its jurisdiction has looked at the label.