Grecia ("Mimi") M. KORMAN, Plaintiff,

v.

Julio IGLESIAS, Defendant.

No. 90–0119–CIV.

United States District Court, S.D. Florida.

May 10, 1990.

---

James B. Tilghman, Jr., Miami, Fla., for plaintiff.

Marty Steinberg, Holland & Knight, Miami, Fla. by John Campbell, for defendant.

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on motion of defendant Julio Iglesias to dis-

miss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) and on grounds of forum non conveniens.

## I. RULE 12(b)(6) MOTION

On a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), and may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In addition, "at this stage of the litigation, [the court] must accept [plaintiff's] allegations as true." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

Defendant advances several theories in support of his Rule 12(b)(6) motion: one, preemption by federal law, the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.;* two, the running of statutes of limitation on plaintiff's claims; three, failure to state a claim for fraud with particularity, as required by Federal Rule of Civil Procedure 9(b); four, failure to join an indispensable party; five, Statute of Frauds; six, insufficient pleading of fraud claim; seven, insufficient pleading of civil theft; and, eight, failure to comply with Florida Statutes § 772.11.

### A. COPYRIGHT ACT PREEMPTION

Defendant contends that plaintiff's claims lie in copyright, and are therefore preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* Plaintiff counters that the Copyright Act does not preempt claims that only relate to copyrightable interests.

The Copyright Act itself defines which laws it preempts—"all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). The Act also enumerates which laws it does not preempt:

Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to—

(1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression; or

. . . . .

(3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.

17 U.S.C. § 301(b). (§ 301(b)(2) is inapplicable to this case.) The court must read § 301(b) with the comments of the Committee on the Judiciary in mind: "The intention of section 301 ... is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works coming within the scope of the Federal copyright law." Notes of Committee on the Judiciary, H.R.Rep. No. 94–1476 (1988).

The Eleventh Circuit addressed Copyright Act preemption and reworded the text of § 301(b) as a two-part test: "whether the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103 and whether the rights at issue are 'equivalent to' the exclusive rights of section 106." *Crow v. Wainwright,* 720 F.2d 1224, 1225–26 (11th Cir. 1983) (citing *Harper & Row, Publishers v. Nation Enters.,* 501 F.Supp. 848, 850 (S.D. N.Y.1980)), *cert. denied,* 469 U.S. 819, 105 S.Ct. 89, 83 L.Ed.2d 35 (1984). The *Crow* case held that where the elements of the state cause of action corresponded almost exactly to those that would be covered by state copyright law, federal copyright law preempted an action based on state law theft. *Crow,* 720 F.2d at 1226. The court decided that the scienter requirement of the state criminal theft statute sufficiently matched the scienter requirement in the Copyright Act, 17 U.S.C. § 506, and that therefore the rights at issue were equivalent to rights covered in § 106. *Id.*

### 1. Count I—Fraud

■ Plaintiff alleges that defendant knowingly made a false representation upon which plaintiff relied to her detriment; defendant argues for preemption under the Eleventh Circuit test. Under the circumstances of this case, the *Crow* case guides the court but cannot supply the decision. The Eleventh Circuit has not addressed the situation where an additional, qualitatively different element of scienter (in a fraud action) transcends the scienter outlined in the Copyright Act; in *Crow*, the court dealt with the situation where the relevant scienter concerned the defendant's intent to steal a copyright—an intent which matched that covered by the criminal scienter set forth in § 506 of the Copyright Act. Defendant's scienter in this case—knowingly making false representations—does not correspond to the scienter in the Copyright Act, which concerns intent to infringe a copyright. Thus, plaintiff's claim does not equate to claims covered under § 106 of the Copyright Act, and under the test enumerated by the Eleventh Circuit, other case law, and the Copyright Act itself, preemption should not occur. In other words, plaintiff does not contend that defendant sought to infringe her copyright, but that he falsely induced her to perform work for him that she would not otherwise have done—a qualitatively different claim which the Copyright Act does not preclude. *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 200–01 (2nd Cir. 1983) ("when a state law violation is predicated upon an act incorporating elements beyond mere reproduction or the like, the rights involved are not equivalent and preemption will not occur"), *rev'd on other grounds*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); *Brignoli v. Balch Hardy and Scheinman, Inc.*, 645 F.Supp. 1201, 1205 (S.D.N.Y.1986) (fraud claim contained extra element of misrepresentation and therefore withstood motion to dismiss on preemption grounds). Therefore, defen-

dant's motion to dismiss plaintiff's claim for fraud on preemption grounds is denied.

### 2. Count II—Civil Theft

■ Plaintiff's claim for civil theft, under Florida Statutes §§ 772.11 and 812.014, presents a different scenario. While the civil theft claim appears to fall within the subject matter of copyright (the first prong of the Eleventh Circuit test in *Crow*), it is not equivalent to exclusive rights set forth in § 106 (and therefore fails the second half of the *Crow* test). The lack of equivalency stems from the fact that plaintiff sues her co-author.

Plaintiff alleges that she and defendant are co-authors of the controverted song.[1] Co-authors of a copyrighted work may not bring an infringement claim under 17 U.S.C. § 501 *et seq. See Weissmann v. Freeman*, 868 F.2d 1313, 1317–18 (2nd Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989); *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir.1984). Rather, they stand in a similar position to

"tenants in common," with "each having an independent right to use or license the copyright, subject only to a duty to account to the other co-owner for any profits earned thereby." In the absence of an agreement specifying otherwise, any profits earned are to be divided equally, "even where it is clear that [the] respective contributions to the joint work are not equal."

*Community for Creative Non-Violence v. Reid*, 846 F.2d 1485, 1498 (D.C.Cir.1988), *aff'd on other grds.*, — U.S. —, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). *See Weissmann v. Freeman*, 868 F.2d 1313, 1317–18 (2nd Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989); *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir.1984). Instead of bringing an infringement action under the Copyright Act, a co-author may sue for an accounting and

---

**1.** For purposes of this motion, the court will not delve into the ill-briefed area of who copyrighted the song, when, and under what names. On a motion to dismiss, the court must assume, as plaintiff has set forth in her complaint, that she

and defendant are co-authors of the song and therefore entitled to equally share the copyright. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

obtain her share of the royalties derived from the work.

The court concludes that Congress, through the Copyright Act, did not mean to preempt actions for civil theft against co-authors. First, civil theft causes of action do not contain the same elements as copyright causes of action. Scienter is an issue in both civil and criminal theft, and in criminal enforcement of copyright infringement, *see, e.g.*, Fla.Stat. §§ 772.11, 812.014; 17 U.S.C. §§ 506, but not in civil copyright infringement actions. *See* 17 U.S.C. § 501. Thus, while the court in *Crow* could deduce that the state criminal statute, with its scienter requirement, corresponded to the criminal enforcement provisions of the Copyright Act, 17 U.S.C. § 506, this court cannot assume that the additional element of scienter in a civil theft cause, not present in a civil infringement cause under the Copyright Act, could not constitute an additional element that would preclude preemption. Moreover, in this case, the plaintiff co-author cannot bring an action under the Copyright Act's civil infringement provisions, 17 U.S.C. § 501 *et seq.*, as § 501 is inapplicable to plaintiff.

While Congress intended to preempt the field of state law where the Copyright Act applies, the Copyright Act neglected to provide for remedies between co-authors. The Copyright Act makes specific reference to co-authors, 17 U.S.C. §§ 101, 201(a), but the Act does not mention them in Chapter 5, "Copyright Infringement and Remedies," as co-authors cannot infringe. Neither does the Act include accounting or any other device as a remedy between co-authors; courts have had to append such a remedy through the use of equitable doctrines. *See Community for Creative Non–Violence v. Reid*, 846 F.2d 1485, 1498 (D.C.Cir.1988), *aff'd on other grounds*, —— U.S. ——, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989); *Weissmann v. Freeman*, 868 F.2d 1313, 1317–18 (2nd Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989); *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir.1984). The District of Columbia, Second, and Ninth Circuits have held and Con-

gress must have intended that co-authors may claim for an accounting or otherwise proceed under common law principles since the Copyright Act makes no mention of how co-authors should enforce their rights to royalties as against each other. In sum, the Copyright Act does not preempt plaintiff's claim for civil theft as Florida's civil theft statute does not equate to the rights protected in the Copyright Act.

### 3. Count III—Constructive Trust

■ Similarly, plaintiff's claim for constructive trust is not preempted by the Copyright Act as courts have held that co-authors must have common law remedies for accounting, and the Copyright Act makes no such provision. *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir.1984).

## B. STATUTES OF LIMITATION

### 1. Counts I and III—Fraud and Constructive Trust

Plaintiff admits that fraud and its derivative claims are governed by the four-year statute of limitation found in Florida Statutes § 95.11(3)(j) (1989). Plaintiff also correctly notes that Florida Statutes § 95.031(2) (1989) starts the four-year clock "running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3)." Fla.Stat. § 95.031(2) (1989). Therefore, the court must decide whether plaintiff discovered or should have discovered, through due diligence, the facts giving rise to this complaint more than four years ago.[2]

■ Defendant advances that plaintiff knew she was not receiving royalties as early as 1980. Plaintiff avers in her complaint that she did not "learn the truth"— discover that defendant had (allegedly) defrauded her—until 1988. While plaintiff knew more than four years ago that she was not receiving royalties, whether that knowledge constituted facts which revealed fraud remains a question of fact which this

---

**2.** The twelve-year period of repose has not run.

court must resolve in favor of plaintiff on a motion to dismiss. Therefore, defendant's motion to dismiss plaintiff's fraud and constructive trust claims on grounds of time bar is denied.

### 2. Count II—Civil Theft

■ Civil theft claims are governed by the statute of limitation found in Florida Statutes § 772.17 (1989), which provides: "Notwithstanding any other provision of law, a civil action or proceeding under this chapter may be commenced at any time within 5 years after the conduct in violation of a provision of this act terminates or the cause of action accrues." Fla.Stat. § 772.17 (1989). Plaintiff has alleged that defendant's wrongful conduct—depriving her of royalties derived from co-authorship—continues to this day. The court must take this allegation as true on a motion to dismiss. Therefore, defendant's motion to dismiss plaintiff's claim for civil theft on statute of limitation grounds is denied.

### C. FAILURE TO PLEAD FRAUD WITH PARTICULARITY

■ Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Defendant contends that plaintiff violates this rule in that she does not sufficiently allege detrimental reliance. On the contrary, the court holds that plaintiff has alleged detrimental reliance to satisfy Federal Rule of Civil Procedure 9(b). *See* Complaint at P. 8, 22.

In addition, plaintiff has set forth a claim for fraud where she alleges that defendant made his promise to perform in the future without any intention of performing. *See Perry v. Cosgrove,* 464 So.2d 664, 666 (Fla. App. 2d Dist.1985); Complaint at P. 19, 20. Defendant's motion to dismiss plaintiff's complaint for failure to state a claim for fraud must fail.

### D. FAILURE TO JOIN AN INDISPENSABLE PARTY

Defendant contends that plaintiff contracted with Star Music to obtain certain royalties, and that, therefore, Star Music stands as an indispensable party to this action. Plaintiff has alleged that she did not have a contract with Star Music, and that the circumstances surrounding her relationship with that company were "a ruse, presented ... on behalf of Iglesias to defraud her and permit Iglesias to obtain the royalties." Complaint at P. 16. The court must assume that the facts as plaintiff has plead them constitute the truth, and therefore defendant's argument has no merit.

### E. STATUTE OF FRAUDS

■ The Statute of Frauds, as codified by Florida Statutes § 725.01 (1989), bars actions on an oral "agreement that is not to be performed within the space of 1 year from the making thereof," Fla.Stat. § 725.01 (1989), as well as those on a "special promise to answer for the debt ... of another person." *Id.* Defendant objects that plaintiff sues on oral contracts not to be performed within one year (with Star Music) and to pay the debt of another (with defendant). First, plaintiff alleges that no contract with Star Music existed; therefore the Statute of Frauds does not apply. Second, plaintiff avers that defendant's promises to procure royalties for her constituted part of a scheme designed to defraud, and she does not sue upon those promises as contract. As such, any representations made by defendant fall outside the Statute of Frauds. *See Chaires v. North Florida Nat'l Bank,* 432 So.2d 183, 184 (Fla.App. 1st Dist.1983). Defendant's motion to dismiss on this point is denied.

### F. PROPER PLEADING OF ECONOMIC DAMAGES IN A FRAUD ACTION

■ Defendant advances that plaintiff cannot claim for economic damages in a fraud action, which has roots in contract. Plaintiff has not alleged any contract in this action, but rather a pattern of conduct which allegedly constitutes fraud. Moreover, defendant's citation to *Florida Power and Light v. Westinghouse Electric,* 510 So.2d 899 (Fla.1987), is inapposite; in that case, the Florida Supreme Court held that economic damage to property covered by a

contract should appropriately be addressed in contract and not in tort. As noted above, plaintiff does not allege a contract, therefore contract cases do not apply. In addition, the rationale that certain discrete property damage covered by a contract between the parties should be redressed by a contract action and not in tort does not apply to this case where defendant allegedly defrauded plaintiff out of money due her under a co-authorship. The court therefore denies defendant's motion to dismiss on this point.

## G. FAILURE TO PLEAD CIVIL THEFT ADEQUATELY

Defendant states that no claim for civil theft can be based on breach of contract. Plaintiff has alleged that she had no contract with Star Music, and, although she sets forth an oral agreement with defendant, she does not sue upon it. Florida law does not bar a civil theft claim because a contractual relationship is involved. *See Masvidal v. Ochoa*, 505 So.2d 555, 556 (Fla.App. 3d Dist.1987); *cf. Refined Sugars, Inc. v. Southern Commodity Corp.*, 709 F.Supp. 1117, 1122 (S.D.Fla. 1988). In fact, Florida Statutes § 812.012(2)(c) intimates otherwise. *See* Fla.Stat. § 812.012(2)(c) (1989). Finally, plaintiff's pleading satisfies the requirements for a civil theft claim. In particular, a co-author can conceptually steal royalties from his co-author because each person has an equal interest in those royalties. *See Community for Creative Non–Violence v. Reid*, 846 F.2d 1485, 1498 (D.C.Cir.1988), *aff'd on other grds.*, —— U.S. ——, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). The motion to dismiss on this point is denied.

## H. FAILURE TO PLEAD COMPLIANCE WITH FLORIDA STATUTES § 772.11

Defendant points out and plaintiff admits that plaintiff has failed to meet the pleading requirements of Florida Statutes § 772.11 (1989), which provides that before an action for civil theft is filed the plaintiff must make written demand for payment upon the defendant, and allow 30 days for payment. The court deems such a pleading failure excusable neglect, and directs plaintiff to comply with the statute at this time.

## II. MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS

The court concludes that dismissal on grounds of forum non conveniens is inappropriate where: (1) plaintiff is a citizen of this forum; (2) defendant resides, at least part-time, in this forum; (3) the cause of action arose in this forum; (4) no Spanish contract or copyright rights are implicated; (5) arguably, most witnesses reside in this country; and (6) forum law applies.

Accordingly, after careful review, the court

ORDERS and ADJUDGES that defendant's motion to dismiss the complaint is DENIED on all grounds, except that the court dismisses Count II with leave to amend and refile after plaintiff has complied with Florida Statutes § 772.11 (1989).

DONE and ORDERED.