PER CURIAM.
The State of Florida, Department of Transportation (Department) petitions for a writ of prohibition seeking to prohibit the circuit court from exercising subject matter jurisdiction in this cause. The Department contends that under 28 U.S.C. 1338(a) state courts do not have jurisdiction over this case, the determination of which depends upon whether there was a patent infringement. We agree and grant the petition.
Jacobs Wind Electric Company, Inc., and Paul R. Jacobs (Jacobs) brought suit against the Department in the circuit court with claims of conversion and a taking of property without compensation. The claims are based upon allegations that the Department had infringed a patent held by Jacobs.
The Department filed a motion to dismiss the complaint on the basis that the federal district courts have exclusive jurisdiction over the subject matter of Jacobs’ complaint. Following a hearing, the circuit court denied the motion to dismiss, and this petition was filed.
Congress has provided that the exclusive jurisdiction of cases arising under patent laws is in the federal district courts. See 28 U.S.C. 1338(a). While state courts may have jurisdiction to resolve some rights incident to the patent laws, state courts lack jurisdiction over patent infringement suits. Schachel v. Closet Concepts, Inc., 405 So.2d 487 (Fla.3d DCA 1981). Since, as indicated above, a determination of either count of Jacobs’ suit would require the circuit court to decide whether the Department has infringed Jacobs’ patent rights, the federal court has exclusive jurisdiction of this case. Id. Accordingly, the Department’s motion to dismiss should have been granted.
Jacobs argues that they have already filed suit in federal court against the Department alleging infringement of the patent and that that case was dismissed as barred by the Eleventh Amendment. Jacobs Wind Electric Company, Inc. v. Florida Department of Transportation, 919 F.2d 726 (Fed.Cir.1990). They argue that the federal court of appeals in its opinion in that case authorized the filing of this state court action. While we are sympathetic to *1333 Jacobs’ position, we cannot agree. We distinguish the basis for the dicta contained in the federal court opinion indicating that the Florida state courts have jurisdiction to determine the validity of the patent involved. The cases so cited were license dispute cases, and, while involving related patent issues, did not require, as did Scha-chel and as does this case, a determination of the validity of the patent.
Jacobs’ alternative argument in support of state court jurisdiction is that because they do not have a remedy in federal court, “equivalent” state remedies are available. In support of its position, Jacobs cites cases which we distinguish as involving situations in which there was no federal cause of action. Here, Jacobs’ claim is founded upon an alleged patent infringement and, as stated above, jurisdiction thereof lies exclusively in the federal courts.
Accordingly, we must grant the petition for writ of prohibition and direct the circuit court to dismiss the complaint.
We certify to the Florida Supreme Court as a question of great public importance whether there is state court jurisdiction under the circumstances of this case.
LEHAN, C.J., CAMPBELL and HALL, JJ., concur.