**Dorothy BRASS, Plaintiff,**

v.

**NCR CORPORATION, Defendant.**

**No. 91–8171–CIV.**

United States District Court,
S.D. Florida.

June 22, 1993.

Walter Samuel Holland, Miami, FL, for plaintiff.

Dana Bradford, Jacksonville, FL, for defendant.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon the defendant's motion for partial summary judgment as to counts III & IV of the plaintiff's amended complaint.

Counts III & IV assert claims for fraudulent inducement and negligent misrepresentation. The defendant asserts that the true nature of the claim is for breach of an oral contract. The essence of defendant's motion is that these counts are barred by Florida's Economic Loss Rule and the Statute of Frauds. The plaintiff responds that defendant has mischaracterized the nature of the claim, and that valid causes exist in tort for negligent misrepresentation and fraud.

Summary judgment may be granted when there are "... no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Tippens v. Celotex Corp.*, 805 F.2d 949, 952–954 (11th Cir.1986); *See also,* C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2725 at 75 (1983). The evidence must be viewed in the light most favorable to the non-moving party. *Tippens,* 805 F.2d at 953, *Sweat v. Miller,* 708 F.2d 655, 656–657 (11th Cir.1983).

"In order to avoid the grant of summary judgment, a party must demonstrate both the existence of a material fact and a genuine issue as to that material fact. A fact is material if it constitutes a legal defense to an action." *Kennett–Murray Corp. v. Bone,*

---

622 F.2d 887, 892 (5th Cir.1980). In other words, a fact is material if it is an essential element of the cause of action. *Murphy v. Light,* 257 F.2d 323, 325 (5th Cir.1958). In the instant matter, this burden appears to be satisfied. For the reasons stated below, the court finds that the plaintiff has stated a proper claim in tort. Accordingly, the Economic Loss Rule and the Statute of Frauds do not bar counts III & IV.

As a preliminary matter, material issues of fact do exist. The defendant's statement that plaintiff received a written letter guaranteeing only one year in salary is somewhat self-serving. The plaintiff contends that she had already in effect "relied" on the oral representations of her supervisors. She had already made irreversible decisions with regard to moving to Florida. Thus, plaintiff's later writing (which guaranteed one year only) cannot "cure" the alleged fraud which had already occurred and on which plaintiff had relied.

▮ A split in authority exists as to whether the Statute of Frauds prevents recovery in tort when an oral contract is at the center of the dispute. *Compare Korman v. Iglesias,* 736 F.Supp. 261, 266 (S.D.Fla.1990) *and Chaires v. North Florida National Bank,* 432 So.2d 183 (Fla.App. 1 Dist.1983), *with Khawly v. Reboul,* 488 So.2d 856 (Fla. App. 3 Dist.1986). The court is more persuaded by the reasoning in *Korman,* that the Statute of Frauds does not prevent an action for fraud in the inducement as the oral contract is not being enforced. *Korman,* 736 F.Supp. at 266.

▮ Similarly, the court is not persuaded that the Economic Loss Rule bars an action for fraud in the inducement. This holding rests on several different grounds.

The authority cited by defendant does not demonstrate that the doctrine bars recovery for fraud in the inducement. At least one other court has held that the rule does not apply to fraud in the inducement claims. *Williams Elec. Co. v. Honeywell, Inc.,* 772 F.Supp. 1225, 1238 (N.D.Fla.1991) (finding that the Rule applies to "fraud in the performance" claims, but distinguishing fraud in the inducement.) Although the Economic

Loss Rule was not explicitly discussed, this would also appear to be the holding in *Royal Palm Sav. Ass'n v. Pine Trace Corp.,* 716 F.Supp. 1416 (M.D.Fla.1989) (holding that "[a] party may be liable for fraud where the promise or representation was made without intent to perform and another party is induced into a transaction.")

Indeed, as plaintiff asserts, the defendant's argument would result (practically speaking) in the Economic Loss Rule abolishing the tort of fraud in the inducement altogether. No case cited by the defendant indicates that such is the law in Florida. Moreover, the doctrine itself prevents recovery in tort when damages flow from a breach of a contract unless the tort is independent of the breach of contract. *AFM Corp. v. Southern Bell Tel. & Tel. Co.,* 515 So.2d 180 (Fla.1987). In a fraud in the inducement setting, the intentional fraud which occurs and is completed prior to the formation of the contract can be characterized as "independent" of the contract. *Williams Elec. Co.,* 772 F.Supp. at 1237. Thus, a fraud in the inducement claim does fall within the Economic Loss Rule discussed in *AFM Corp. Id.*

The Court has reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that the defendant's motion for partial summary judgment be **DENIED.**

**DONE AND ORDERED.**