626 So.2d 1333 (1993)
JACOBS WIND ELECTRIC COMPANY, INC., et al., Petitioners,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
No. 80247.
Supreme Court of Florida.
September 30, 1993.
Rehearing Denied December 14, 1993.
*1334 Nancy J. Faggianelli of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, and Jerry W. Berkstresser of Shoemaker and Mattare, Ltd., Arlington, VA, for petitioners.
Thornton J. Williams, Gen. Counsel and Gregory G. Costas, Asst. Gen. Counsel, Tallahassee, for respondent.
BARKETT, Chief Justice.
We have for review Department of Transportation v. Padgett,[1] 601 So.2d 1331 (Fla. 2d DCA 1992), which certified a question of great public importance.[2] The issue presented is whether a state court has jurisdiction over takings and conversion claims against the state with respect to property that is the subject of a patent when the state is immune from suit for patent infringement in federal court.
In its complaint,[3] Jacobs Wind Electric Company (Jacobs) alleged that it designed a tidal flow system to prevent the stagnation of water and the accumulation of debris in waterways through the use of a one-way tidal gate. Jacobs patented this flushing system, and under the belief that the patent laws would protect its right to the effective use of or licensing of the system, demonstrated the system to various state officials.
Jacobs alleged that in 1982, the State Department of Transportation (DOT) installed a tidal flow system similar to Jacobs' system on the Courtney Campbell Causeway. Jacobs demanded an after-the-fact license agreement and royalty payment from DOT and sued DOT in federal district court for patent infringement. The district court dismissed the complaint and the United States Circuit Court of Appeals for the Federal Circuit affirmed, concluding that the Eleventh Amendment[4] barred suit against DOT in federal court for patent infringement. Jacobs *1335 Wind Elec. Co. v. Florida Dep't of Transp., 919 F.2d 726, 727 (Fed. Cir.1990).
In holding that federal courts lacked jurisdiction, the Federal Circuit concluded that Jacobs nevertheless had a remedy available in state court:
In any event, Jacobs' contentions that it is left without any remedy in Florida and that a Florida court cannot pass on the validity of a patent are simply wrong ... Jacobs ... may assert a "takings" claim against the state under the Fifth and Fourteenth Amendments. Further, although a state court is without power to invalidate an issued patent, there is no limitation on the ability of a state court to decide the question of validity when properly raised in a state court proceeding.
Id. at 728 (footnote and citations omitted).
After the federal claim was dismissed, Jacobs sued DOT in the Hillsborough County Circuit Court, alleging conversion and the taking of property without due process and just compensation. The circuit court denied DOT's motion to dismiss for lack of jurisdiction, and DOT filed a petition for writ of prohibition with the Second District Court of Appeal, arguing that patent infringement disputes are within the exclusive subject matter jurisdiction of the federal courts. The district court granted DOT's petition, holding that Jacobs' suit was founded on a breach of rights created by the patent laws, so that the circuit court was without subject matter jurisdiction. Department of Transportation v. Padgett. Thus, Jacobs was left without a right to seek a remedy in either state or federal court. We quash the district court's decision because we conclude Congress never intended to preclude these claims from state court review even though they involve a patent.
The present case involves the confluence of federal and state law. Under the United States Constitution's supremacy clause, the state cannot assert jurisdiction where Congress clearly intended to preempt a field of law. U.S. Const. art. VI, cl. 2; Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981). However, Congress can preempt portions of a field of law without preempting the field of law in its entirety, thereby leaving the state free to act when in so doing the state does not impede the objectives of Congress. 450 U.S. at 317, 101 S.Ct. at 1130. Preemption thus does not preclude all relief, but merely limits relief available to the extent that Congress intended to preclude the application of state law.
Congress gave federal courts exclusive jurisdiction over claims "arising under" the patent laws for parties who fall within the reach of Congress's intent.[5] However, state courts may decide certain cases even though they involve federal patent law. E.g., In re Oximetrix, Inc., 748 F.2d 637, 641 (Fed. Cir.1984).
For example, preemption does not bar state jurisdiction when the complaint relies on "reasons completely unrelated to the provisions or purposes of [the patent laws] why the [plaintiff] may or may not be entitled to the relief it seeks." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810, 108 S.Ct. 2166, 2174, 100 L.Ed.2d 811 (1988) (brackets in original) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 26, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983)). See, e.g., Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) (state court must consider the validity of a patent in order to determine whether a breach of an agreement occurred); Intermedics Infusaid, Inc. v. Regents of Univ. of Minn., 804 F.2d 129 (Fed. Cir.1986) (complaint seeking declaratory judgment that a licensing agreement for use of a patent is enforceable was properly filed in state court); cf. Christianson (complaint alleging anti-trust violations and intentional interference with business relationships, with respect to a patented product, did not "arise under" the patent laws).
Likewise, state courts surely have jurisdiction when Congress did not or could not *1336 preempt the cause of action. For example, in Korman v. Iglesias, 736 F. Supp. 261 (S.D.Fla. 1990), the court held that the federal Copyright Act did not preempt a Florida civil theft claim by a co-author because the Copyright Act does not provide for suits against co-authors. The court held that because there was no federal cause of action, there was no preemption:
While Congress intended to preempt the field of state law where the Copyright Act applies, the Copyright Act neglected to provide for remedies between co-authors... . The District of Columbia, Second, and Ninth Circuits have held and Congress must have intended that co-authors may claim for an accounting or otherwise proceed under common law principles since the Copyright Act makes no mention of how co-authors should enforce their rights to royalties as against each other. In sum, the Copyright Act does not preempt plaintiff's claim for civil theft as Florida's civil theft statute does not equate to the rights protected in the Copyright Act.
736 F. Supp. at 265.
Jacobs' claims belong in the latter category. Here, as in Korman, the relevant federal law did not provide a remedy against a certain class of individuals. In this case, Congress could not have intended to provide an exclusive federal court remedy against the state because of the state's Eleventh Amendment immunity.
The Eleventh Amendment confers immunity on the states in federal courts. Unless Congress expressly abrogates state immunity or a state waives its immunity, federal courts cannot recognize a cause of action against a state. 473 U.S. at 238, 105 S.Ct. at 3145.[6] The state here did not waive its immunity, and Congress did not abrogate the state's Eleventh Amendment immunity in the patent law under which this case was decided. Jacobs Wind Elec. Co. v. Florida Dep't of Transp.; Chew v. California, 893 F.2d 331 (Fed. Cir.1990).[7]
Thus, Congress could not have intended to reserve for the federal courts exclusive jurisdiction over claims against states arising under the patent statutes because such claims could not have been brought in federal court due to Eleventh Amendment immunity. The patent statutes were intended to provide a remedy, not exclude one.
In arguing that the preemption doctrine precludes the relief that Jacobs seeks, DOT relies on Schachel v. Closet Concepts, Inc., 405 So.2d 487 (Fla. 3d DCA 1981). However, we find it significant that Schachel was a private individual who had a federal right to *1337 sue and a federal forum in which to obtain relief. Unlike Schachel, Jacobs had no federal cause of action and no federal remedy.
The Florida and federal constitutions prohibit the State's taking of private property without due process or just compensation. Arts. I, § 9 and X, § 6(a), Fla. Const.; U.S. Const. amends. V, XIV. Similarly, a conversion action at common law serves to remedy the unauthorized dominion and control over someone else's private property inconsistent with the rights of the owner. Because "[a] patent is a species of property[,]" Transparent-Wrap Mach. Corp. v. Stokes & Smith Co., 329 U.S. 637, 643, 67 S.Ct. 610, 614, 91 L.Ed. 563 (1947), a patent holder not preempted under federal law may assert takings and conversion claims in state court. Jacobs Wind Elec. v. Florida Dep't of Transp.; Chew.
This case presents a situation where a party was not just denied a particular remedy but was denied total access to courts to redress its grievances. This cannot be countenanced in light of article I, section 21 of the Florida Constitution, which provides that "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
Accordingly, we find that Florida courts have jurisdiction over the claims presented here. The decision of the Second District Court of Appeal is quashed, and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
HARDING, J., dissents with an opinion, in which McDONALD, J., concurs.
HARDING, Justice, dissenting.
I respectfully dissent. I would approve the opinion of the district court, finding that the state court lacked jurisdiction under the circumstances of this case. See Department of Transportation v. Padgett, 601 So.2d 1331, 1333 (Fla. 2d DCA 1992). While I agree with the majority's assertion that state courts may decide certain cases involving federal patent law, majority opinion at ____, I do not agree that the instant claims fall into that category.
While Jacobs contends that it brings state claims for conversion and unlawful taking, I agree with the district court that "a determination of either count of Jacobs' suit would require the circuit court to decide whether the Department has infringed Jacobs' patent rights." 601 So.2d at 1332. In fact, Jacobs alleges no property rights other than those granted by the patent for the tidal flow system. Count I of the Amended Complaint alleges conversion based upon the Department's unauthorized installation of a "copy of the Jacobs tidal flow system on the Courtney Campbell Causeway." Count II alleges that the Department took Jacobs' property rights without due process of law and without compensation by "installing a tidal flow system copied from the Jacobs' tidal flow system and refusing [Jacobs'] demand for compensation." The conduct alleged in each count was wrong only by virtue of the federal patent law. As explained in 60 Am.Jur.2d, Patents § 5 (1987):
An inventor has no common-law right to a monopoly of his invention. He has the right to make, use, and vend his own invention, but if he voluntarily discloses it, such as by offering it for sale, the world is free to copy and use it with impunity. A patent, however, gives the inventor the right to exclude all others. As a patentee, he has the exclusive right of "making, using, or selling the invention throughout the United States." The right to "make" within the meaning of the patent law embraces the construction of the thing invented; the right to "use" embraces within its meaning the right to put into service any given invention; and the right to "sell" secures to the inventor the exclusive right to transfer the title for a consideration to others; in these exclusive rights to make, use, and sell, fairly construed, reside the extent of the patent monopoly under the statutes of the United States.
Id. at 43 (footnotes omitted). Clearly, Jacobs' claims of conversion and unconstitutional taking were claims "arising under" the patent laws. 28 U.S.C. § 1338(a) (1988). As such, the state courts have no jurisdiction to *1338 consider the claims. See Miracle Boot Puller Co. v. Plastray Corp., 84 Mich. App. 118, 269 N.W.2d 496 (Mich. Ct. App. 1978).
The majority cites a number of cases to support the proposition that preemption does not always bar state jurisdiction. Majority op. at 1335-1336. However, I find those cases distinguishable from the instant case. As discussed above, I believe that Jacobs' complaint relies totally on the purposes of the patent laws; namely, vesting monopoly rights in the inventor of a patented product. In contrast, the cases cited by the majority involved rights that were grounded in a contractual or licensing agreement or some other statutory basis; the patent was simply an underlying factor. See, e.g., Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (involving anti-trust violations and interference with business relationship with respect to a patented product); Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) (involving breach of an agreement relating to patented product); Intermedics Infusaid, Inc. v. Regents of Univ. of Minn., 804 F.2d 129 (Fed. Cir.1986) (involving enforceability of licensing agreement for use of patent).
Moreover, I do not agree with the majority's conclusion that Jacobs was "denied total access to courts to redress its grievances." Majority op. at 8. In fact, Jacobs had two remedies available. First, Jacobs could have sought an injunction against the State's use of the patented tidal flow system, even though a federal patent claim for damages was barred. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (holding that Eleventh Amendment did not bar an action in federal courts seeking to enjoin a state attorney general from enforcing a statute claimed to violate the U.S. Constitution). Second, Jacobs could have presented a claims bill in the Florida Legislature. See § 11.065, Fla. Stat. (1987).
McDONALD, J., concurs.
NOTES
[1] Judge Padgett of the Thirteenth Judicial Circuit Court denied the Department of Transportation's motion to dismiss Jacobs Wind Electric Company, Inc.'s claim based on lack of state court jurisdiction, and the district court issued a writ of prohibition. Jacobs, the real party in interest, now seeks review of the district court's decision.
[2] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[3] The issue in this case is presented by facts alleged in the pleadings. Because none of the facts have been determined, our recitation of the facts merely states the allegations contained in the complaint.
[4] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.
[5] 28 U.S.C. § 1338(a) (1988) provides that:

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
[6] Congress can only abrogate state Eleventh Amendment immunity where its intent to do so is explicitly and unambiguously stated in the statute itself. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 246, 105 S.Ct. 3142, 3149, 87 L.Ed.2d 171 (1985). In Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the United States Supreme Court held that state Eleventh Amendment immunity is "necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." 427 U.S. at 456, 96 S.Ct. at 2671. The Court reasoned that since section 5 gave Congress an express grant to restrict state authority "by appropriate legislation" in order to enforce the substantive portions of the amendment, and since the substantive portions themselves significantly limit state authority, the Fourteenth Amendment by its very language narrows the reach of state Eleventh Amendment immunity. Subsequent to Fitzpatrick, the Court acknowledged the possibility that Congressional authority to abrogate Eleventh Amendment immunity may not be limited to section 5 of the Fourteenth Amendment. Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468, 475 n. 5, 107 S.Ct. 2941, 2947 n. 5, 97 L.Ed.2d 389 (1987). "The argument for such an authority starts from the proposition that the Constitution authorizes Congress to regulate [certain] matters... . By ratifying the Constitution, the argument runs, the States necessarily consented to suit in federal court with respect to enactments under ... [the appropriate clauses]." 483 U.S. at 475 n. 5, 107 S.Ct. at 2947 n. 5. In Pennsylvania v. Union Gas Co., 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), five members of the Court agreed that Congress has the authority to abrogate state immunity under the Commerce Clause. However, a majority was unable to agree on a rationale in support of this authority.
[7] Congress has since enacted legislation that abrogates state Eleventh Amendment immunity for patent infringement claims, thereby enabling patent holders to sue states for patent infringement in federal court. Patent and Plant Variety Protection Remedy Clarification Act, Pub.L. No. 102-560, § 2, 106 Stat. 4230 (Oct. 28, 1992). This law provides prospective relief only. S.Rep. No. 102-280, 102d Cong., 2d Sess. 13 (1992).