ON MOTION TO COMPEL
McCORD, Judge.
It appears that this appeal has reached a stalemate because of a controversy between appellant and appellee as to whether or not appellee is entitled to include in its charges for preparing the transcript of record the amount appellee paid the court reporter who reported the proceedings for the original and one copy of the transcript of the proceedings. In Mick v. Florida Board of Dentistry, 338 So.2d 1297 (Fla. 1 DCA 1977), this Court held that the charges of an administrative agency for preparing the record could not exceed the cost which a clerk of a circuit court may charge for preparation of a record on appeal in accordance with the Florida Appellate Rules. The charges allowed to circuit court clerks are set forth in § 28.24, Florida Statutes. Subsection (5) of that statute authorizes the clerk to charge $1 per page for making transcripts of record in appellate or other proceedings. Thus, if an agency, such as appellee here, employs and pays a court reporter to transcribe its proceedings, the agency is authorized to charge appellant the sum of $1 per page for the original transcript of the proceedings which is included in the record. The agency is not authorized to charge the appellant the amount it paid the court reporter, but if appellant wishes the agency to furnish it a copy of the original transcript, the agency is authorized to charge appellant an additional $1 per page for a copy thereof. It is, therefore
ORDERED that the Clerk of the School Board and the School Board of Leon County prepare the record on this appeal in accordance with Fla.R.App.P. 9.110 at a cost no greater than the cost required to be paid to the clerk of a circuit court for preparation of a record as set forth in § 28.24, Florida Statutes, as construed by this opinion.
BOOTH and SHAW, JJ., concur.
ORDER ON MOTION FOR CLARIFICATION
McCORD, Judge.
On July 15, 1980, we filed our opinion in this cause on appellant’s motion to compel. Thereafter, motion for clarifica *733 tion was filed by appellant to which appel-lee replied. It appears that clarification of our opinion is advisable. The statements therein as to the authorization of the agency to charge $1 per page relates only to the court-reporter-prepared transcript of the proceedings before the agency or the hearing officer for which the agency has paid or obligated itself to pay. We do not authorize a charge of $1 per page for preparing, numbering, and indexing an original record of appellate proceedings. Section 28.24(4), Florida Statutes, only authorizes $1 per instrument for such service. We do not consider that the transcript of a hearing which has been reported and transcribed by a court reporter at the agency’s expense is a single instrument for which a charge of only $1 can be made. If, however, the appealing litigant, rather than the agency, has paid for the original transcript which has been filed with the agency, it then becomes an instrument which the agency merely incorporates in the original record of the appellate proceedings.
In our determination of this matter, we have considered Florida Appellate Rule 9.200. That rule contemplates only a record which is prepared by a court reporter at the expense of the designating party. Rule 9.200(b) provides:
... Cost of transcription shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400.
Such a transcription as has been prepared at the expense of the designating party is then incorporated into the record pursuant to Rule 9.200(d) which provides in part:
The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of the transcript of proceedings into the record.
This rule does not fit the situation where an agency employs a court reporter to report and transcribe the proceedings before it or a hearing officer and a party appeals the ruling of the agency. In such instance, the cost of the court reporter’s transcription has not been borne initially by the designating party but has been borne initially by the agency. In such circumstance, the agency should be allowed $1 per page for making (through its employment of the court reporter) the transcription of the proceedings pursuant to § 28.24(5), Florida Statutes.
BOOTH and SHAW, JJ., concur.