BOOTH, Judge.
This cause is before us on appeal from denial of a petition for writ of mandamus and complaint for declaratory judgment. Appellants contend that: (1) the trial court erred in ruling that quality management surveys produced by medical review committees, and the Department of Correction’s (the Department’s) responses thereto, are exempt from Chapter 119, Florida Statutes; and (2) the court erred in denying relief for the Department’s delay in providing records.
In 1972, Florida inmates commenced federal litigation against the Department *398 alleging severe overcrowding and inadequate inmate health care. Costello v. Dugger, Case Nos. 72-109-Civ-J-14 and 72-94-Civ-J-14 (M.D.Fla. filed 1972). A settlement was reached in November 1981. Since that time, the federal district court has supervised compliance with the agreement. On August 3, 1988, the federal court entered a protective order prohibiting access to certain documents produced by the Department.
Later in August 1988, appellants asked the Department to disclose numerous quality management surveys and the Department’s responses thereto. These documents were the product of medical review committees acting in accordance with the Costello, supra, agreement.[1] Appellants claimed a right of access under Chapter 119, Florida Statutes.[2] On December 13, 1988, the Department refused access and asserted that the documents were exempt under Section 768.40(5), Florida Statutes (1987),[3] from Chapter 119’s disclosure requirements.
The trial court relied on Section 768.40(5), Florida Statutes,[4] and the federal protective order entered in Costello, supra, to deny relief.
Appellants argue that this case is controlled by Wait v. Florida Power & Light Company, 372 So.2d 420 (Fla.1979). That case held, inter alia, that exemptions to Chapter 119 must find expression in statutes and not emanate from public policy.[5] In 1988, apparently in response to Wait, the Legislature amended Section 766.101, Florida Statutes. The amended statute expressly exempts medical review committee reports from the disclosure requirements of Chapter 119.[6] However, while medical review committee surveys became exempt, the statute did not address the responses to those surveys.
The federal stay order issued in Costello, supra, nevertheless applied to both the medical review committee reports and the responses thereto. Florida decisions have held that under proper circumstances, courts have the inherent power to control their proceedings by excluding the public and the press. State ex rel. Gore Newspapers v. Tyson, 313 So.2d 777 (Fla. 4th DCA 1975); News-Press Publishing Company, Inc. v. State, 345 So.2d 865 (Fla. 2d DCA 1977). Additionally, in Section 119.07(4), Florida Statutes (1989), the Legislature recognized the distinction between documents sealed under court order and those not so *399 scaled, and provided for disclosure of the latter only.[7] Under both the statute and the federal, order, the responses were exempt from Chapter 119 disclosure requirements.
Because we hold that the Department correctly refused to provide the requested materials, we also conclude that any delay below was reasonable under the circumstances.
The order of the circuit court is AFFIRMED.
JOANOS and BARFIELD, JJ., concur.

. The information contained in the documents was used to evaluate whether prison medical care complied with federal requirements.

. Section 119.01(1), Florida Statutes (1989), provides that:
It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person, [emphasis added]
Section 119.07(l)(a), Florida Statutes (1989), states, in pertinent part:
Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee.

. Subsequently renumbered as Section 766.-101(5), Florida Statutes (1989).

. Although the statute was renumbered, its provisions remained the same. Section 766.101(5), Florida Statutes (1989), provides in pertinent part:
The investigations, proceedings, and records of a committee as described in the preceding subsection shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee....

. In Wait v. Florida Power & Light Company, 372 So.2d 420, 425 (Fla.1979), the court held that the (lower court) decision "is approved insofar as it holds that Chapter 119, Florida Statutes (1975), the Public Records Act, excludes any judicially created privilege of confidentiality and exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.”

. Section 766.101(7)(c), Florida Statutes (1989), states, in pertinent part:
So as not to inhibit the willing and voluntary service of professional society members on medical review committees.... [m]edical review committee advisory reports provided to the department must remain confidential and are not subject to the provisions of ss. 286.011 and 119.07, regardless of whether probable cause is found.

. Section 119.07(4), Florida Statutes (1989), provides that:
Nothing in this section shall be construed to exempt from subsection (1) a public record which was made a part of a court file and which is not specifically closed by order of court.... [emphasis added]