Honorable Jed Pittman Clerk of Circuit Court
QUESTION:
1. Does the $1.00 per page copying fee specified in s.28.24(8)(a), F.S., apply only to those instruments recorded in the Official Records Book, or does it apply to all court records as well?
2. Is a person requesting access or copies of court files required to disclose his or her name, address, telephone number or the like to the clerk?
SUMMARY:
1. The service charge specified in s. 28.24(8)(a), F.S., does not apply to all court records; it applies only to those records which have been recorded in the public records.
2. In the absence of a court rule, a person requesting access or copies of a court file is not required to disclose his name, address, telephone number or the like to the clerk on duty.
AS TO QUESTION 1:
The authority of the judiciary over access to its records flows from the separation of powers doctrine and form the ability of The Supreme Court of Florida to adopt rules for practice and procedures in all courts under s. 2(a), Art V, State Const.[1]
Section 119.07(4), F.S. (1990 Supp.), reflects this authority by providing that nothing in the section shall be construed to exempt from the disclosure provisions of s.119.07(1)(a), F.S. (1990 Supp.), a public record which was made in part of a court file "and which is not specifically closed by order of court . . . ."[2]
In considering access to judicial records, the Supreme Court has generally considered the "trigger device" to be the act of filing such material with the clerk of the court.[3] At such time, the courts have treated such court files, absent a court order closing the file, as public records subject to disclosure.[4]
This office has not been advised of any court order or rule specifying the fees to be imposed for copies of court records. The provisions of Ch. 119, F.S., would, therefore, appear to be applicable.
Section 119.07(1)(a), F.S. (1990 Supp.), provides that the custodian of public records shall furnish a copy of public recordsupon payment of the fee prescribed by law. If no fee is prescribed, the statute requires the custodian to furnish copies upon payment of not more than 15 cents per one-sided copy for copies that are 14 inches by 8 1/2 inches or less. An agency may charge no more that an additional 5 cents for each two-sided duplicated copy. A charge of up to $1.00 per copy may be imposed for a certified copy of a public record. For all other copies, the charge is limited to the actual cost of duplication of the record.[5]
However, a special service charge is authorized when the nature or volume of the records to be copied requires extensive clerical or supervisory assistance or extensive use of information technology resources or both.[6]
You ask whether s. 28.24(8)(a), F.S., prescribes the fee to be charged by the clerk in making copies of records in the court files. You refer to AGO 85-80 in which this office stated that the service charges prescribed in s. 28.24(8)(a), F.S., for making copies by photographic process of instruments in the public records applied to those instruments filed and recorded in the Official Records by the clerk of the circuit court. The opinion further stated that such charges were not applicable to unrecorded records held by the clerk in his capacity as ex officio clerk ofthe board of county commissioners.
Chapter 28, F.S., sets forth the powers and duties of the clerk of the circuit court with particularity. Pursuant to s. 28.222, F.S., the clerk is the county recorder of all instruments which are required or authorized by law to be recorded in the county in which the clerk serves. Such instruments include, among other things, judgements entered by any state court or United States court having jurisdiction in this state and assignments, releases, and satisfactions.[7] Upon payment of the service charge prescribed by law, the clerk shall record all such instruments in one series of books called the "Official Records."[8]
Section 28.24, F.S., enumerates the charges which the clerk is required to make for certain services rendered by his office. Such services are not limited to those relating to instruments or documents recorded in the public records but include, as do other provisions of Ch. 28, F.S., the charges to be imposed for certain services relating to court proceedings and records.[9]
Your inquiry, however, only concerns the application of s.28.24(8)(a), F.S., to records in a court file. That section establishes a fee of $1.00[10] per page "[f]or making copies by photographic process of any instrument in the public records
consisting of pages of not more than 14 inches by 8 1/2 inches . . . ." (e.s.)
This office in AGO 85-80 concluded, reading ss. 28.222 and28.24(8)(a), F.S., for records or documents in the publicrecords refers to records recorded in the Official Records. Thus, this office stated that the provisions of s. 28.24(8)(a), F.S., do not apply to those public records maintained by the clerk in his capacity as ex officio clerk of the board of county commissioners. the language in s. 28.24(8)(a), F.S., has not changed since AGO 85-80 was issued, nor am I aware of any appellate court decision which would alter the conclusion reached in that opinion.
I am, therefore, of the opinion that the service charge specified in s. 28.24(8)(a), F.S., refers to those records or documents which have been recorded in the public records. While certain records in a court file may be recorded, not all records in the court file are authorized or required to be recorded. Thus, s.28.24(8)(a), F.S., would not appear to be applicable to those records in the court files which have not been recorded.
AS TO QUESTION 2:
This office has previously stated that nothing in Ch. 119, F.S., requires a requesting party to make a demand for public records in person or in writing.[11] If a public agency believes it is necessary to provide written documentation of a public records request, it may require the custodian to complete an appropriate form or document.[12] However, the person requesting the information cannot be required to provide such documentation in order to inspect or receive copies of public records. As the court in Sullivan v. City of New Port Richey,[13] recognized, a requestor's failure to complete a city form required for access to documents does not authorize the custodian to refuse to honor a request to inspect or copy public records.
You ask, however, if the clerk prepares the form, whether he may require the requestor to provide certain information. You have not referred to any particular need for such information other than the general duty and responsibility of the clerk to ensure the safety of public records.[14]
As stated by the Supreme Court of Florida in Wait v. Florida Power Light Company:[15]
 It is clear to us that [reasonable time, under reasonable conditions, and under supervision by the custodian of the records or his designee] refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review. (e.s.)
More recently, the Second District Court of Appeal in Bean v. Wanicka,[16] held that the Public Records Act does not condition the inspection of public records on any requirement that the persons seeking to inspect records reveal background information.
In some instances, certain information may be needed from the person requesting to inspect or copy records in order to comply with a statute or court order. For example, s. 320.05, F.S., requires the Department of Highway Safety and Motor Vehicles to record the name and address of any person, other than a representative of a law enforcement agency, who requests and receives information from a motor vehicle record. Section101.62(3), F.S. (1990 Supp.), limits the persons to whom information regarding requests for absentee ballots may be made available.
You have not, however, indicated any special need for such information. The duty of a custodian to safeguard records is not sufficient to justify the imposition of an additional condition, which might for some have a chilling effect on access to public records. This office has not been advised of any court rule which would require such information be obtained prior to reviewing a court file.[17]
Accordingly, I am of the opinion that in the absence of a statute or court rule, a person requesting access or copies of a court file is not required to disclose his name, address, telephone number or the like to the clerk on duty.
RAB/tjw
[1] See, AGO 84-81. Cf., Wait v. Florida Power 
Light Company, 372 So.2d 420 (fla. 1979) (rule of Supreme Court prescribing procedural standards takes precedence over a contrary provision of Ch. 119, F.S.); The Florida Bar, In re Advisory Opinion Concerning the Applicability of Chapter 119, Florida Statutes, 398 So.2d 446 (Fla. 1981) (investigative files of the state bar as the official arm of the Supreme Court are subject to the control and direction of the Court and not to other branches of government and thus Ch. 119 does not apply to such records).
[2] See, Tampa Television, Inc. v. Dugger,559 So.2d 397 (1 D.C.A. Fla., 1990) (in s. 119.07[4], F.S. the Legislature recognized the distinction between documents sealed under court order and those not so sealed, and provided for disclosure of the latter only.)
[3] Petition of Kilgore, 65 So.2d 30 (Fla. 1953); Palm Beach Newspapers, Inc. v. Burk, 471 So.2d 571 (4 D.C.A. Fla., 1985); Tallahassee Democrat, Inc. v. Willis, 370 So.2d 867 (1 D.C.A. Fla., 1979.)
[4] See, Florida Freedom Newspapers, Inc. V. McCrary,520 So.2d 32 (Fla. 1988), in which the Court noted that the existence of a statutory right of access to public records did not operate to divest a court of its responsibilities under the separation of powers doctrine to ensure that the defendant receives a fair trail.
[5] Section 119.07(1)(a), F.S. (1990 Supp.), defines the "actual cost of duplication: to mean the cost of the materials and supplies to duplicate the record , but it does not include the labor cost or overhead cost associated with such duplication. An exception, however, exists for copies of county maps or aerial photographs supplied by county constitutional officers which may include a reasonable charge for the labor and overhead associated with their duplication.
[6] See, AGO 86-69 stating that the special service charge may not be routinely imposed.
[7] Section 28.222(3)(c), F.S. See, s. 921.241, F.S. (1990 Supp.) and s. 921.242, F.S., requiring the recording of felony judgements and guilty judgements with respect to offenses governed by Ch, 796, F.S. And see, AGO 84-47 concluding that the clerk is not required or authorized by law to record in the Official Records any criminal documents, papers, orders or records made or entered in criminal actions other than those criminal judgments described by statute. See also, s. 28.223, F.S., requiring the recordation of probate records. Cf., AGO 74-320 discussing the recordkeeping requirements of the county court clerk with respect to civil and criminal proceedings and the service charges to be imposed.
[8] Section 28.222(2) and (3), F.S.
[9] See, e.g., s. 28.24, (court minutes); s.28.24(3) (examining, comparing, correcting, verifying, and certifying transcripts of record in appellate proceedings, prepared by attorney or someone other than clerk). And see, s.28.2401, F.S., prescribing service charges in probate matters.Cf., s. 28.24(5), F.s. 1981, which authorized the clerk to receive a fee of $1.00 per page for making transcripts of record in appellate or other proceedings; this provision was repealed in 1982 by s. 1, Ch. 82-205, Laws of Florida.
[10] The decision of the court in Smith v. School Board of Leon County, 390 So.2d 731 (1 D.C.A. Fla., 1980), has been brought to this office's attention. The court in Smith stated that the clerk was authorized to charge $1.00 per page for making transcripts of record in appellate or other proceeding. Such a statement was based upon the language of s. 28.24(5), F.S. 1979, which at that time expressly authorized a fee of $1.00 "[f]or making transcripts of record in appellate or other proceedings." This provision was repealed in 1982 by s. 1, Ch. 82-205, Laws of Florida. The language did not, unlike s. 28.24(8)(a), F.S., refer to instruments "in the public records."
[11] Attorney General Opinion 80-57.
[12] Government-in-the-Sunshine Manual, 1991 Edition, p. 77.
[13] Case No. 86-1129CA (6th Cir. Pasco co., May 22, 1987), affirmed, 529 So.2d 1124 (2 D.C.A. Fla., 1988).
[14] See, s. 119.07(1)(a), F.S. (1990 Supp.), establishing a right of access to public records at reasonable times and under reasonable conditions; and Fuller v. State,17 So.2d 607 (Fla. 1944).
[15] 372 So.2d 420, 425 (Fla. 1979).
[16] 505 So.2d 1116 (2 D.C.A. Fla., 1987),
[17] Cf., Rule 2.030(b)(2), Rules of Judicial Administration, providing that the clerk of the Supreme Court shall not allow any paper, record, or file to be taken from his office or the courtroom, except by a justice of the Court or upon order of the Court; Rule 2.040(b)(1), Rules of Judicial Administration, containing a similar provision for the clerks of the district courts of appeal.