636 So.2d 1377 (1994)
STATE, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
SOUTHPOINTE PHARMACY, Appellee.
No. 92-4237.
District Court of Appeal of Florida, First District.
May 13, 1994.
Rehearing Denied June 14, 1994.
*1378 Karel Baarslag, Sr. Atty., Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
Daniel C. Brown and Alan Harrison Brents of Katz, Kutter, Haigler, Alderman, Davis & Marks, P.A., Tallahassee, for appellee.
BENTON, Judge.
The Department of Health and Rehabilitative Services (HRS) asks us to quash a writ of mandamus requiring it to furnish South Beach Pharmacy, Inc. d/b/a Southpointe Pharmacy (Southpointe) a copy of a hearing transcript HRS has on file, upon Southpointe's tender of copying costs. We believe the trial court correctly applied section 119.07(1)(a), Florida Statutes, and affirm the final judgment granting writ of mandamus.

Subject Matter Jurisdiction
Preliminarily, we address a jurisdictional question that the parties' pleadings *1379 raise by implication. A "litigant's failure to clear a jurisdictional hurdle can never be `harmless' or waived by a court." Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 n. 3, 108 S.Ct. 2405, 2409 n. 3, 101 L.Ed.2d 285 (1988). HRS filed a motion below to dismiss amended alternative writ of mandamus alleging that Southpointe sought to compel it to
violate the copyright of the court reporter by having the state copy a transcript and furnish it to Petitioner at Fifteen Cents ($.15) per page. The court reporter's charge would be One Dollar ($1.00) per page.
Anticipating HRS' defense, Southpointe had asserted, in its petition for alternative writ, that the "transcript is not copyrighted material ... and is not copyrightable." As state courts, the circuit court does not have jurisdiction of civil actions arising under the federal copyright statute, 17 U.S.C. §§ 101 et seq., and we are without jurisdiction to decide the merits in such cases on appeal.[1]
A civil action arising under the "[c]opyright law is within the exclusive jurisdiction of the federal district courts. See ... Pincus v. Carlisle, 585 So.2d 1172 (Fla. 4th DCA 1991); Garrido v. Burger King Corp., 558 So.2d 79 (Fla. 3d DCA 1990)." Sparta Surf, Inc. v. Korda, 599 So.2d 242 (Fla. 4th DCA 1992). Until January 1, 1978, state courts had jurisdiction to decide common law copyright claims which were, indeed, predicated on state law. See, e.g., Manasa v. University of Miami, 320 So.2d 467 (Fla. 3d DCA 1975). Since then, state law protection of the right of first publication has been preempted, U.S. Const. art. VI, cl. 2; 17 U.S.C. § 301, and Congress has ousted state courts of jurisdiction over cases brought to establish whether a copyright exists, to determine ownership in the case of a work made for hire, 17 U.S.C. § 201(b), or to enforce exclusive legal or equitable rights "to reproduce the copyrighted work in copies." 17 U.S.C. § 106(1). See Van Dusen v. Southeast First Nat'l Bank of Miami, 478 So.2d 82 (Fla. 3d DCA 1985). But see Rothschild v. Kisling, 417 So.2d 798 (Fla. 5th DCA 1982).
We are not persuaded, however, that Southpointe's mandamus petition should be viewed as arising under the federal copyright statute. Construing a statutory provision conferring appellate jurisdiction on the Federal Circuit in cases where federal district court jurisdiction was predicated on 28 U.S.C. § 1338, the Court said:
In interpreting § 1338's precursor, we held long ago that in order to demonstrate that a case is one "arising under" federal patent law "the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458 (1897). See Henry v. A.B. Dick Co., 224 U.S. 1, 16, 32 S.Ct. 364, 367, 56 L.Ed. 645 (1912). Our cases interpreting identical language in other jurisdictional provisions, particularly the general federal-question provision, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), have quite naturally applied the same test. See Gully v. First National Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (the claim alleged in the complaint "must be such that it will be supported if the Constitution or laws of the United *1380 States are given one construction or effect, and defeated if they receive another") (citations omitted). A district court's federal-question jurisdiction, we recently explained, extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983), in that "federal law is a necessary element of one of the well-pleaded ... claims," id., at 13, 103 S.Ct. at 2848. Linguistic consistency, to which we have historically adhered, demands that § 1338(a) jurisdiction likewise extend only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. See [Christianson v. Colt Industries Operating Corp.] 822 F.2d 1544, at 1553-1556 [(Fed. Cir.1987)]; [Christianson v. Colt Industries Operating Corp.] 798 F.2d 1051 at 1059-1061 [(7th Cir.1986)].
Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 807-09, 108 S.Ct. 2166, 2173-74, 100 L.Ed.2d 811 (1988) (footnote omitted). A case arises under copyright law if a well-pleaded complaint establishes either that copyright law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of copyright law, in that copyright law is a necessary element of one of the well-pleaded claims.
The present case arises under the public records law, sections 119.01 et seq., Florida Statutes (1993). The amended petition notwithstanding, copyright law is not an essential element of Southpointe's claim. Again by analogy to federal-question jurisdiction, a copyright law defense ought not defeat state court jurisdiction "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Board of the State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

No Absent Party Indispensable
For not wholly dissimilar reasons, we reject HRS' contention that Southpointe's petition should have been dismissed because "[t]here has been a failure to join an indispensable party; the court reporter, Lori Dezell, and Associated Court Reporters, Inc." (HRS' Motion To Dismiss.) The copyright holder, if there is one, is no more necessary or indispensable to this proceeding than the manufacturer of HRS' copying machines or the purveyor of its copying paper. The trial court's judgment and writ of mandamus do not purport to relieve HRS of its obligations to any supplier, or to anybody else. Nothing this case decides in any way alters HRS' rights or duties as between itself and the court reporter or her firm.[2]
*1381 In no sense are HRS and the court reporter in privity. This case is unlike those finding an insured tortfeasor indispensable in an action against his insurer, see generally Hertz Corp. v. Piccolo, 453 So.2d 12 (Fla. 1984), or finding the grantor of a deed indispensable in an action for reformation of the deed, see Skinner v. Simms, 355 So.2d 448 (Fla. 1st DCA 1978). "The rule announced in Milton v. City of Marianna, 107 Fla. 251, 144 So. 400, 402 [1932], is applicable," Alger v. Peters, 88 So.2d 903, 908 (Fla. 1956), viz.:
The general rule in equity as to parties defendant is that, if the interest of those present and those absent are inseparable, the case must fail, but, if the interest of the parties present are separable, and the decree may be made without affecting the interest of those not present, the case may be decided on its merits as between those who are regularly before the court. 20 R.C.L. 703, § 44. See, also, Johnson v. Benbow, 93 Fla. 124, 111 So. 504 [1927]; Mountein v. King, 75 Fla. 12, 77 So. 630 [1918].
Id. Equitable principles apply in the exercise of a Florida court's extraordinary writ jurisdiction. State ex rel. Haft v. Adams, 238 So.2d 843 (Fla. 1970). A "court ought not dismiss an action on the grounds of failure to join an indispensable party if dismissal would foreclose the claim of the present plaintiffs and the only adverse result of failure to dismiss is a possible subsequent action against the defendant by the missing party." Phillips v. Choate, 456 So.2d 556, 558 (Fla. 4th DCA 1984) (citing Annot., Dismissal-Joinder Not Feasible, 21 A.L.R.Fed. 12, §§ 9[g], 12 (1974)).

The Administrative Procedure Act
The transcript at issue here is part of the record of proceedings in an administrative hearing conducted under section 120.57, Florida Statutes, to which both HRS and Southpointe were parties. Section 120.57(1)(b)7., Florida Statutes (1993), provides, in pertinent part:
The agency shall accurately and completely preserve all testimony in the proceeding, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost.
With regard to administrative hearings like the one transcribed, in which a hearing officer of the Division of Administrative Hearings has final order authority,[3] an administrative rule requires that "the agency defending the petition which initiated the proceeding shall be responsible for preserving the testimony at the final hearing." Fla. Admin. Code R. 60Q-2.023(2).
Entitled "Recordation," the same administrative rule recognizes the court reporter's transcript as the official transcript, when an agency has retained a court reporter, and states:
At hearings during which the services of a court reporter have been retained, any party who wishes a written transcript of the testimony shall order the same at his own expense.
Fla. Admin. Code R. 60Q-2.023(3). Under the Administrative Procedure Act, sections 120.01 et seq., Florida Statutes (1993), an agency that has never caused proceedings to be transcribed can refer a request for a transcript (from anyone other than an indigent party) to the court reporter.[4]

*1382 Transcription At Agency's Behest

An agency may, however, choose to cause a transcript to be prepared for a variety of reasons, and has a legal duty to do so in some circumstances. Before the Administrative Procedure Act of 1974 took effect, the court held in Perkins v. Florida State Univ., 303 So.2d 415 (Fla. 1st DCA 1974), that a public employer must, as a matter of equal protection of the laws, furnish transcripts without charge to all employees involved in disciplinary proceedings who seek appellate review, if it furnishes "gratuitous transcripts," 303 So.2d at 416, to any class or group of its employees. The Perkins court was concerned with the rights of public employees and explicitly limited its "holding ... to disciplinary matters and proceedings." 303 So.2d at 417.
At least since the enactment of chapter 80-348, section 1, at 1446, Laws of Florida, "agencies must provide transcripts ... [to indigents taking administrative appeals] without charge." Smith v. Department of Health and Rehabilitative Services, 573 So.2d 320 (Fla. 1991). The court dealt in Booker Creek Preservation, Inc. v. State, Dep't of Environmental Regulation, 415 So.2d 750 (Fla. 1st DCA 1982), with the question whether a litigant may be required to have a transcript prepared as a prerequisite to review of fact findings in a hearing officer's recommended order by the agency head.[5] On this point, the court "h[e]ld that the burden of furnishing a transcript is on the party seeking review at the agency level." 415 So.2d at 751. If agency counsel (or, under the rationale of Smith v. Department of Health and Rehabilitative Services, an indigent) seeks review at the agency level, it is incumbent on the agency to have a transcript prepared.

The Public Records Law
Once the transcript of an administrative hearing conducted by or on behalf of an agency has been filed with the agency, the transcript becomes a public record,[6] without regard to who ordered the transcription or bore its expense. The agency can charge neither the parties, § 120.57(1)(b)7., Fla. Stat. (1993), nor the public,[7] § 119.07(1)(a), Fla. Stat. (1993), more than the actual cost of duplicating public records, including transcripts. Op.Att'y Gen.Fla. 075-304 (1975).
HRS relies on an opinion of the attorney general which, addressing a hypothetical question, expresses the view that materials assumed to be protected by a copyright belonging to a non-regulated entity, which are filed with a state agency by a regulated entity, should not be copied without the copyright *1383 holder's permission. Op.Att'y Gen.Fla. 082-63 (1982). The question before us differs significantly. Here the agency with whom the transcript was filed was under a statutory obligation to "preserve all testimony in the proceeding, and, on the request of any party, ... make a full or partial transcript available." § 120.57(1)(b)7., Fla. Stat. (1993). See Op.Att'y Gen.Fla. 89-93 (1993) ("book produced in connection with official city business to report a city's growth management would qualify as a public record").
HRS makes no claim here that any of the exemptions set out in section 119.07(3), Florida Statutes (1993), protect the transcript at issue from disclosure, duplication, or dissemination. "[N]o general or special law exempt[s] these records from the operation of chapter 119." Michel v. Douglas, 464 So.2d 545, 546 (Fla. 1985). "[W]e have no authority to create a statutory exemption." Sarasota Herald-Tribune Co. v. Community Health Corp., 582 So.2d 730, 731 (Fla. 2d DCA 1991); Wait v. Florida Power & Light Co., 372 So.2d 420, 424 (Fla. 1979); State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla. 4th DCA 1977). See generally Mills v. Doyle, 407 So.2d 348, 350 (Fla. 4th DCA 1981) ("to allow the elimination of public records from the mandate of Chapter 119 by private contract would sound the death knell of the Act").
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] Title 28, Section 1338 of the United States Code, confers exclusive jurisdiction on United States district courts in copyright cases:

(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.
(Emphasis supplied.) While Florida courts have concurrent jurisdiction in trademark infringement cases, Flagship Real Estate Corp. v. Flagship Banks, Inc., 374 So.2d 1020 (Fla. 2d DCA 1979), our copyright jurisdiction is a thing of the past.
[2] If HRS or Southpointe has obligated itself contractually to pay the court reporter a dollar a page, no federal question requires determination, whatever the precise nature of the court reporter's interest in the transcripts, and whatever the outcome of the present case.

Under the recent decision in Jacobs Wind Elec. Co. v. Department of Trans., 626 So.2d 1333 (Fla. 1993), the holder of a patent may bring suit for infringement in Florida circuit court against an executive agency that has effected a taking. The same forum may be open to the owner of a copyright infringed by a Florida governmental agency.
For the less adventurous, federal district court may be the forum of choice. Since the decisions in Lane v. First Nat'l Bank of Boston, 871 F.2d 166 (1st Cir.1989), and BV Engineering v. University of Southern Cal., Los Angeles, 858 F.2d 1394 (9th Cir.1988), cert. denied, 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 859 (1989) (both holding that Congress had not abrogated the states' Eleventh Amendment immunity in enacting the Copyright Act of 1976); contra Mills Music, Inc. v. State of Ariz., 591 F.2d 1278 (9th Cir.1979), Congress has enacted Pub.L. No. 101-553 § 2(a), 104 Stat. 2749 (Nov. 15, 1990), amending 17 U.S.C. § 501 to provide that relief for infringement is available against "`anyone' includ[ing] any State." See Unix System Laboratories, Inc. v. Berkeley Software Design, Inc., 832 F. Supp. 790 (D.N.J. 1993).
[3] The Florida Equal Access to Justice Act, section 57.111, Florida Statutes (1993), confers final order authority on hearing officers to award attorney's fees and costs in certain circumstances. § 57.111(4)(d), Fla. Stat. (1993).
[4] Before the appellate rules were revised in 1977, the Court in Mick v. Florida State Bd. of Dentistry, 338 So.2d 1297 (Fla. 1st DCA 1976), set out the following procedure for preparation of the record on a petition for review, pursuant to section 120.68, Florida Statutes, the equivalent of the present "appeal of administrative action," Fla.R.App.P. 9.110(c):

Upon preparing the record in accordance with one of the foregoing suggestions and in accordance with the designations received from the petitioner, the agency should transmit same to the petitioner upon being paid by the petitioner the cost of preparation, which shall be borne by the party requesting the record; the charges not to exceed the cost which a Clerk of a Circuit Court may charge for preparation of a record on appeal in accordance with the Florida Appellate Rules.
The record for review should be transmitted to the Clerk of the Appellate Court by the petitioner as required by Rule 4.5(c), FAR. 338 So.2d at 1300.
Also decided before the March 1, 1978, effective date of the 1977 revision of the appellate rules, were Price v. Florida Dep't of Banking and Finance, Div. of Securities, 346 So.2d 130 (Fla. 1st DCA 1977), and Harrell v. State Dep't of Health and Rehabilitative Services, Div. of Social and Economic Services, 361 So.2d 715 (Fla. 4th DCA 1978), to the same effect. Under the current rules, transcripts do not pass through a private party's hands on their way to the appeals court.
[5] The Booker Creek court's discussion about judicial review was in the nature of obiter dicta.
[6] This circumstance does not, of course, resolve any question concerning the parties' responsibilities under Florida Rule of Appellate Procedure 9.200. In Smith v. School Bd. of Leon County, 390 So.2d 731 (Fla. 1st DCA 1980), the issue was whether the agency "is entitled to include in its charges for preparing the transcript of record the amount appellee [agency] paid the court reporter who reported the proceedings for the original and one copy of the transcript of the proceeding." 390 So.2d at 732. Citing Mick v. Florida State Bd. of Dentistry, 338 So.2d 1297 (Fla. 1st DCA 1976), for the proposition that "the charges of an administrative agency for preparing the record could not exceed the cost which a clerk of a circuit court may charge for preparation of a record on appeal in accordance with the Florida Appellate Rules," 390 So.2d at 732, the court ruled that, since section 28.24(5), Florida Statutes (1979), authorized court clerks to charge a dollar a page for making transcripts of record, agency clerks could do the same as long as the agency had paid for the original transcript, emphasizing, in the court's order on motion for clarification, that "the cost of the court reporter's transcription ha[d] not been borne initially by the designating party but ha[d] been borne initially by the agency." 390 So.2d at 733.

What is not clear from the opinion is whether the agency had ordered the transcript on account of the appeal, or for some other reason at an earlier stage in the proceedings. Nor does the opinion indicate when the transcript was filed. See Britt v. Department of Professional Regulation, 478 So.2d 1119 (Fla. 1st DCA 1985).
[7] An indigent non-party is not relieved by his indigency from paying the actual cost of duplication of public records. See Roesch v. State, 633 So.2d 1 (Fla. 1993).