The Honorable Buddy Irby Clerk of the Circuit Court Alachua County Courthouse Post Office Box 600 Gainesville, Florida 32602
Dear Mr. Irby:
You ask substantially the following question:
Do the recent amendments to Chapter 28, Florida Statutes, by Chapter 94-348, Laws of Florida, require the clerk of the circuit court to charge $1.00 per page for all public records?
In sum:
While the provisions of Chapter 94-348, Laws of Florida, expand the application of the service charge authorized in section28.24(8)(a), Florida Statutes, such charge is limited to "instruments" and would not encompass all records in the custody of the clerk of the circuit court.
In 1992, the voters overwhelmingly approved Article I, section 24, Florida Constitution, which establishes a constitutional right of access to public records and public meetings in this state. Subsection (a) of this constitutional provision states:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.
Although Article I, section 24(c), Florida Constitution, authorizes the Legislature to enact laws governing the enforcement of this section, including the maintenance, control, destruction, disposal, and disposition of such records, it requires that laws enacted pursuant to this section shall "relate to one subject." Any law affecting the right of the people to obtain or copy public records must be considered in light of this constitutional mandate.
In addition to defining the terms "Official records" and "Public records" for purposes of Chapter 28, Florida Statutes, Chapter 94-348 addresses a number of issues relating to the operation of the clerk's office.[1] In light of the above constitutional mandate, the Legislature may have inadvertently rendered the act vulnerable to attack. This office, however, must presume the constitutionality of any duly enacted legislation.
Section 1 of Chapter 94-348, Laws of Florida, creates section28.001 to provide that, as used in Chapter 28:
(1) "Official records" means each instrument that the clerk of the circuit court is required or authorized to record in the series of books called "Official Records" as provided for in s. 28.222.
(2) "Public records" has the same meaning as in s. 119.011[2] and includes each official record.
Section 28.24(8)(a), Florida Statutes, establishes a fee of $1.00 per page "[f]or making copies by photographic process of any instrument in the public records consisting of pages of not more than 14 inches by 8-1/2 inches. . . ." (e.s.) Prior to the enactment of Chapter 94-348, Laws of Florida, this office had stated the $1.00 per page charge authorized by section 28.24(8)(a) referred to the Official Records, while the fees authorized by Chapter 119, Florida Statutes, for copies of public records applied to other records held by the clerk.[3]
While the definition of "public records" provided by Chapter 94-348, Laws of Florida, affects the interpretation of section28.24(8)(a), Florida Statutes, the language of section 28.24(8)(a) is too narrow to include all documents in the possession of the clerk of the court.[4] Rather the statute authorizes service charges only for "an instrument in the public records."
The term "public records" as defined in section 119.011
encompasses those documents referred to as "instruments." It does not appear, however, that the two terms are synonymous. Had the Legislature intended that all public records be included, the term "instruments" would have been superfluous.[5] The use of the term "instruments" in section 28.24(8)(a), Florida Statutes, would, therefore, appear to be a term of limitation. Thus, the service charge authorized in section 28.24(8)(a) applies only to those public records that constitute "instruments."
Accordingly, while Chapter 94-348, Laws of Florida, would appear to subject additional records to the service fee imposed by section 28.24(8)(a), Florida Statutes, that charge is limited to the duplication of an "instrument." Therefore, the service charge would not apply to every public record in the custody of the clerk of court but may be imposed only for those documents that fall within the definition of an "instrument."
The term "instrument," is not specifically defined for purposes of Chapter 28, Florida Statutes. This office, in Attorney General Opinion 85-80, stated that the term has been defined as "a formal or legal document in writing, such as a contract, deed, will, bond, or lease . . . [a] document or writing which gives formal expression to a legal act or agreement, for the purpose of creating, securing, modifying, or terminating a right . . . [a] writing executed and delivered as the evidence of an act or agreement."[6]
Applying such a definition to section 28.24(8)(a), Florida Statutes, the service charge authorized therein would appear to apply for such documents as contracts, deeds, wills, bonds, or leases, i.e., documents formally expressing a legal act or agreement. Documents such as minutes of public meetings, which are in the custody of the clerk as ex officio clerk of the board of county commissioners, would not be subject to the fee in section28.24(8)(a), Florida Statutes.[7]
The Legislature, however, may wish to consider defining the term "instrument" for purposes of Chapter 28, Florida Statutes, to remove any ambiguity which may attach by its use in section28.24(8)(a), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Chapter 94-348, Laws of Florida, among other things amends the reporting requirement for the public records modernization trust fund; prescribes annual reviews of employment practices by the clerk; alters the definition of foreign judgment; prescribes those services provided without charge by the court, clerk and sheriff to indigents; changes filing requirements for bonds of plumbing contractors; and amends reimbursement provisions for fees paid to appointed counsel and conflict committees.
[2] Section 119.011(1), Florida Statutes, defines "Public records" as:
[A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
[3] See, Op. Att'y Gen. Fla. 85-80 (1985) (service charge prescribed in s. 28.24[8][a], Fla. Stat., does not apply to unrecorded documents such as the minutes of public meetings, resolutions or budgets which may be in the custody of the clerk as the ex officio clerk of the board of county commissioners); Op. Att'y Gen. Fla. 91-76 (1991) (service charge specified in s.28.24[8][a] does not apply to all court documents, but only to those which had been recorded in the Official Records). And see, s. 119.07(1)(a), Fla. Stat. (1993), authorizing a fee of not more than 15 cents per one-sided copy for copies that are 14 inches by 8 1/2 inches or less with an additional 5 cents authorized for each two-sided duplicated copy; a charge of up to $1.00 is authorized for a certified copy of a public record.
[4] An examination of the staff analysis relating to this bill failed to disclose the legislative intent regarding the purpose and intended effect of this change. See, Final Bill Analysis and Economic Impact Statement on HB 2481 (passed by the Legislature as Chapter 94-348, Laws of Florida), Florida House of Representa-tives Committee on Governmental Operations, dated April 15, 1994, stating that "Chapter 26 [sic] does not define `official records' or `public records,' which has led to some confusion among the public"; the bill provides definitions of those terms. The staff analysis, however, does not recognize any fiscal impact as a result of the addition of definitions to Chapter 28, Florida Statutes.
[5] See, e.g., Terrinoni v. Westward Ho!, 418 So.2d 1143 (Fla. 1st DCA 1982) (statutory language is not assumed to be superfluous; statute must be construed so as to give meaning to all words or phrases contained within the statute).
[6] Black's Law Dictionary Instrument 719-720 (5th ed. 1979). See also, Webster's Third New International Dictionary Instrument 1172 (1966). And see, Smith v. School Board of Leon County,390 So.2d 731 (Fla. 1st DCA 1980).
[7] Cf., Times Publishing Company v. Ake, Case No. 93-02436 (Fla. 2d DCA, filed June 29, 1994) (clerk when acting in exercise of his duties derived from article V, Florida Constitution, is immune from the supervisory authority of the Legislature and, therefore, chapter 119 does not apply to clerk in such capacity; rather, access to judicial records under his control is governed exclusively by Fla.R.Jud.Admin. 2.051).