Mr. Daniel S. McIntyre St. Lucie County Attorney 2300 Virginia Avenue Third Floor Administrative Annex Fort Pierce, Florida 34982-5652
Dear Mr. McIntyre:
You ask substantially the following question:
Does section 119.07(1)(a), Florida Statutes, which sets forth the fees that may be imposed for copying public records, apply to the duplication of copyrighted materials contained in a county law library when such reproduction is permissible under the federal copyright law?
In sum:
Section 119.07(1)(a), Florida Statutes, applies to the duplication of copyrighted materials contained in a county law library when such reproduction is permissible under the federal copyright law.
It is the general policy of this state that records of the state and local government shall be open for inspection by any person.[1] Such a right of access is now recognized in our State Constitution.[2]
The term "public records" is broadly defined for purposes of the state's Public Records Law and encompasses "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[3] The definition of "agency" is equally encompassing.[4]
Section 119.07(1)(a), Florida Statutes (1994 Supp.), requires the custodian of public records to permit the inspection and examination of such records by any person, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. In addition, the custodian is required to furnish a copy, or certified copy, of the record upon payment of the fee prescribed by law or if a fee is not prescribed by law, upon payment of the fee prescribed in section 119.07(1)(a):
[F]or duplicated copies of not more than 14 inches by 8 1/2 inches, upon payment of not more than 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record. An agency may charge no more than an additional 5 cents for each two-sided duplicated copy. For purposes of this section, duplicated copies shall mean new copies produced by duplicating, as defined in s. 283.30. The phrase "actual cost of duplication" means the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication. . . . An agency may charge up to $1 per copy for a certified copy of a public record.
Those public records that are provided by law to be confidential or that are prohibited from being inspected are exempt from the disclosure provisions of section 119.07(1), Florida Statutes. If, however, a federal statute requires particular records to be closed and the state is clearly subject to the provisions of such statute, then pursuant to the Supremacy Clause of the United States Constitution,[5] the state must keep the records confidential.[6]
Law library materials obtained by a county law library in carrying out its functions would appear to fall within the definition of "public records."[7] The fact that the material may be copyrighted does not preclude the material from constituting a public record. For example, this office concluded in Attorney General Opinion 90-102 that copyrighted data processing software which was not specifically designed or created for the county but was being used by the county in its official capacity for official county business fell within the definition of "public records" as being received by the county in connection with the transaction of official business by the county.
Such copyrighted material, however, received by the public agency in connection with the transaction of its official business would be subject to the federal law placing limitations on the reproduction of copyrighted material. Thus, this office has stated that while copyrighted material is available to the public for inspection and examination, the unauthorized reproduction and distribution of copies of copyrighted material to the public may be prohibited under the federal copyright law.[8] However, in State, Department of Health and Rehabilitative Services v. Southpointe Pharmacy,[9] the court held that a public agency with whom a copyrighted transcript was filed after a hearing had been held pursuant to Ch. 120, Florida Statutes, was required to release the transcript in light of the agency's statutory obligation to preserve testimony in the hearing and, upon request, to make a copy of the transcript available.
Your inquiry concerns not whether the material may be copied but the fee that may be imposed by a public library when reproduction of copyrighted material is authorized. In State, Department of Health and Rehabilitative Services v. Southpointe Pharmacy, supra, the court, held that the copyrighted transcript could be released by the administrative agency with which it had been filed. Citing to section 119.07(1)(a), Florida Statutes, the court stated that the agency could charge no more than the actual cost of duplicating the record.
In the instant inquiry, the fee for duplication is being charged by the public library, not by the copyright holder. You have not directed my attention to any provision in the federal act or elsewhere that would authorize the library on its own to charge a fee for duplication not prescribed by law. As noted supra, the material is owned by the county library and is used in carrying out its functions. While the library's ownership may be subject to the rights of the copyright holder under the federal copyright law, that fact does not remove the material from the provisions of Chapter 119, Florida Statutes. Instead, the material would appear to be subject to provisions of the Public Records Law, unless the provisions of such law are in conflict with the provisions of the federal act.
Accordingly, I am of the opinion that section 119.07(1)(a), Florida Statutes, which prescribes the fee that may be imposed for copying public records, applies to the duplication of copyrighted materials contained in a county law library when such reproduction is permissible under the federal copyright law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 119.01(1), Fla. Stat. (1993).
[2] Article I, s. 24(a), Fla. Const. 
[3] Section 119.011(1), Fla. Stat. (1993). And see, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633, 640 (Fla. 1980) (definition encompasses all materials made or received by an agency in connection with official business that is used to perpetuate, communicate, or formalize knowledge).
[4] See, s. 119.011(2), Fla. Stat. (1993), defining "agency" to mean
any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law . . . and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[5] Article VI, s. 2, U.S. Const. 
[6] Cf., s. 257.261, Fla. Stat. (1993), creating an exemption for registration and circulation records of public libraries, except statistical reports of such records.
[7] See, State v. Pace, 159 So. 679 (Fla. 1935); Ops. Att'y Gen. Fla. 90-102 (1990) and 85-3 (1985).
[8] See, Ops. Att'y Gen. Fla. 82-63 (1982) and 90-102 (1990).
[9] 636 So.2d 1377 (Fla. 1st DCA 1994).