691 So.2d 547 (1997)
EMSA LIMITED PARTNERSHIP, a Limited Partnership, Appellant,
v.
Dennis LINCOLN, Universal Data Consultants, Inc., a Florida corporation, Voice Data Interconnect, Inc., a Florida corporation, and Decade Computer Services, Inc., a Florida corporation, Appellees.
No. 95-2500.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
*548 Helena Tetzeli of Kurzban, Kurzban, Weinger & Tetzeli, P.A., Miami, for appellant.
Stephen M. Gaffigan of Cesarano, Kain & Van Der Wall, P.L., Miami and Robert C. Kain, Jr., of Robert C. Kain, P.A., Fort Lauderdale, formerly of Cesarano, Kain & Van Der Wall, P.L., Miami, for appellees.
GROSS, Judge.
This is an appeal of an order dismissing an action for lack of subject matter jurisdiction on the grounds that a counterclaim pled copyright infringement which is within the exclusive jurisdiction of the federal district court. We affirm in part, reverse in part and remand for further proceedings in accordance with this opinion.
EMSA is a limited partnership which staffs hospital emergency rooms, operates clinics and otherwise provides health care services. In 1994, EMSA filed suit against Dennis Lincoln, Universal Data Consultants (UDC), Voice Data Interconnect, Inc. (VDI), and Decade Computer Services, Inc. (Decade). UDC, VDI, and Decade are sellers and distributors of computer products. Dennis Lincoln is a former EMSA employee and is an officer and director of UDC.
Count I of the amended complaint sought declaratory relief to determine the ownership of a voice billing system, which consists of certain computer software programs and a configuration of hardware systems. EMSA alleged that Lincoln, while in EMSA's employ, was involved in developing and programming the voice billing system. As a result of an independent audit, EMSA learned that Lincoln, UDC and VDI also asserted ownership and copyright over the voice billing system computer programs, and that they marketed the system to others without EMSA's permission.
Unrelated to the dispute over the voice billing system, the remaining counts sought damages for fraud, breach of fiduciary duty, and violations of the Florida Civil Remedies for Criminal Practices Act, Chapter 772, Florida Statutes (1995). EMSA alleged that one of Lincoln's duties while employed with EMSA was to purchase computer products; that EMSA instructed Lincoln to stop purchasing products from UDC due to a conflict of interest, since Lincoln was an officer of UDC; that Lincoln, Decade and UDC conspired to continue selling UDC products to appellant under the guise that Decade, and not UDC, was the seller. As a result of the conspiracy to defraud, EMSA claimed that it was overcharged and that it paid for products it never received.
Lincoln, UDC and VDI removed the case to federal court on the grounds that the federal court had exclusive jurisdiction of the action pursuant to the copyright law. The federal court remanded the case back to state court because Decade had not joined as a defendant in the notice of removal.
*549 After remand, Lincoln, UDC and VDI filed a counterclaim in state court which alleged ownership of the voice billing system computer programs by registered copyright and contended that EMSA had infringed on the copyright. They then moved to dismiss the amended complaint for lack of subject matter jurisdiction. The trial court granted the motion on the grounds that the counterclaim pled copyright infringement over which the federal courts have original and exclusive jurisdiction.
Before the trial court ruled on the motion to dismiss, Lincoln and UDC filed an action in federal court seeking a declaratory judgment concerning their ownership of the voice billing system programs and alleging copyright infringement. The district court determined that it had jurisdiction over the copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338. It also denied EMSA's motion to dismiss the declaratory judgment count on the grounds that it had the authority to exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a), which provides that
in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
We affirm the dismissal of the counterclaim and count I of EMSA's complaint seeking declaratory relief as to the ownership of the voice billing system. We reverse the dismissal of EMSA's remaining counts for fraud, breach of fiduciary duty, and Chapter 772 violations because the trial court did not lack subject matter jurisdiction where the claims did not arise under federal copyright law.
The trial court lacked subject matter jurisdiction over the counterclaim because it involved rights arising out of the federal copyright laws and pled copyright infringement. 28 U.S.C. § 1338(a) provides that
[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
A suit for copyright infringement arises under the copyright laws and falls within the exclusive jurisdiction of the federal courts. See Arthur Young & Co. v. City of Richmond, 895 F.2d 967, 970 (4th Cir.1990); National Broadcasting Co. v. Copyright Royalty Tribunal, 848 F.2d 1289, 1295 (D.C.Cir. 1988); Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir.1983). The counterclaim, therefore, was properly dismissed.
The court also properly dismissed EMSA's declaratory relief count, since the basis of EMSA's claim as to the ownership of the voice billing system was that it was a work made for hire. "Congress has ousted state courts of jurisdiction ... to determine ownership in the case of a work made for hire ..." State Dep't of Health and Rehabilitative Servs. v. Southpointe Pharmacy, 636 So.2d 1377, 1379 (Fla. 1st DCA 1994). A "work made for hire" is defined by 17 U.S.C. § 101 as "a work prepared by an employee within the scope of his or her employment." Ownership of copyright is dictated by 17 U.S.C. § 201. Section 201(b) sets forth ownership of a "work made for hire":
In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.
"Copyright inheres in authorship and exists whether or not it is ever registered." Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 29 F.3d 1529, 1531 (11th Cir.1994); 17 U.S.C. § 408(a). Although appellant did not allege that its ownership arose under section 201(b), the allegations in its claim of ownership fit within that section. Because EMSA's declaratory relief count essentially seeks a determination *550 of ownership in the case of a "work for hire," that count "arises under" the federal copyright laws, giving the federal courts exclusive jurisdiction. See Southpointe Pharmacy, 636 So.2d at 1379. At the very least, the district court would have supplemental jurisdiction under 28 U.S.C. § 1367(a) over the ownership issue in the pending federal action.
Just because the court lacked subject matter jurisdiction to hear the copyright related claims does not mean that it lacked jurisdiction over all the counts of the amended complaint, such that the entire suit should have been dismissed. EMSA's three counts for fraud, breach of fiduciary duty and Chapter 772 violations are state law claims that do not arise under the copyright law within the meaning of 28 U.S.C. § 1338(a).
A case arises under copyright law if a well-pleaded complaint establishes either that copyright law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of copyright law, in that copyright law is a necessary element of one of the well-pleaded claims.
Southpointe Pharmacy, 636 So.2d at 1379; Bert Lane Co. v. International Industries, 84 So.2d 5, 7 (Fla.1955). When a claim is essentially for a common law, state-created or contractual right, the claim does not arise under the Copyright Act and the state court has jurisdiction. See P & D Int'l v. Halsey Pub. Co., 672 F.Supp. 1429, 1432 (S.D.Fla. 1987); Bert Lane, 84 So.2d at 7. The counts for fraud, breach of fiduciary duty and under Chapter 772 have nothing to do with copyright. Those counts are based on facts separate from the claim of ownership of the voice billing system and the counterclaim. The insertion of copyright claims into the lawsuit did not divest the court of subject matter jurisdiction over these state law claims. The trial court incorrectly dismissed these counts.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
STONE and KLEIN, JJ., concur.